FULLER and others, executors, *vs.* YATES.

Where the testator devised all his real and personal estate to his executors and trustees, with directions to them to lay out certain portions of his lands into village lots, and to sell them from time to time as they might be wanted for building lots, and with power to sell any other parts of the estate they might deem necessary to fulfil the objects of his will, and gave to his widow the possession and direction of his dwelling house and Walnut Grove farm, and an annnity of $2000, and a further annuity of $500, to keep up the garden and improve the property, and also the use of his library and certain pleasure carriages, horses, &c.; *Held*, that the widow was entitled to dower in the testator's real estate, in addition to the devises and bequests in her favor in the will. *Held further*, that the widow was not entitled, under the provisions of the revised statutes, to the fee of the dwelling house and Walnut Grove farm, but only to the use and enjoyment thereof during her life.

A widow cannot be deprived of her dower by a testamentary disposition in her favor, so as to put her to an election, unless the testator has manifested his intention to deprive her of dower, either by express words or by necessary implication. And where the provision in her favor is not in terms given in lieu of dower, the intention to deprive her of dower must be clear and manifest; founded upon the fact that the claim of dower would be inconsistent with the will, or so repugnant to its provisions as to disturb and defeat them.

To put the widow to her election between her dower and a testamentary disposition in her favor, the will itself must show that the testator probably contemplated the subject of her dower, and that he intended the testamentary provision for her should exclude her from all claim to dower, if she elected to take such provision.

Where there is a direct devise of real estate to the devisee, although without words of perpetuity, he is entitled to a fee under the provisions of the revised statutes; and in such a case a subsequent provision for an annual allowance, during the life of the devisee, to keep the property in repair, is not evidence of an intention to limit the devise to a life estate merely. But where the devise of the estate even for life is by implication merely, that implication does not necessarily give the devisee an estate in fee without words of perpetuity.

THE bill in this cause was filed by the acting executors April 21. and trustees of J. B. Yates, deceased, to obtain a judicial construction of his will, so far as related to the rights of the defendant, his widow. The questions presented for the consideration of the court were : 1st. Whether the widow was entitled to dower in the testator's real estate in

1840.

Fuller
v.
Yates.

addition to the devises and bequests in her favor, or whether she was bound to elect between her dower and the provisions made for her by the will? 2d. Whether she was entitled to an estate in fee in the Walnut Grove farm, or only to the use of that farm for life? And 3d. Whether she was entitled absolutely to the household furniture, carriages, horses, &c., specifically bequeathed to her, or only to the use thereof during her life? The provisions of the will upon which these questions arose, were substantially these : The testator in the first place devised and bequeathed all his estate, real and personal, to the complainants, and to the defendant during her widowhood, as his executors and trustees, for the purposes of his will ; with directions to lay out certain lands in Chitteningo into village lots, and to sell them as they might be required from time to time, for the building up of the village ; and with power to sell any other part of the estate which they might deem necessary to fulfil the objects of his will.

He then directed the payment to his wife of an annuity of $2000, in quarter yearly payments, during her life; that she should have the *possession and direction* of the dwelling house and lands described in the will, and designated by him as the Walnut Grove farm ; and that in order to keep up the garden and improve said property, in addition to the income to be derived therefrom, there should be paid to her the additional sum of $500 annually, besides the annuity of $2,000. He also gave to his wife all the household furniture, all the pleasure carriages and harness, and all the waggons and sleighs, and other materials used in and about the dwelling house and farm ; also one pair of horses for the carriage, and one pair of farm horses, to be selected as she should wish, together with the old horse, Bonaparte. He also gave to her the use and direction of his library during her life, and after her death the library to be appropriated for the *Polytechnic* school, which in another part of his will he directed to be established by his trustees, and endowed with his residuary estate, under an act of the legislature, to be obtained by them for that purpose.

And after bequeathing various legacies to other persons to the amount of $33,500, he directed his executors and trustees to apply the remainder of his real and personal estate to the endowment and support of the school, to be called the *Polytechny*, embracing literary instruction, combined with the pursuits of real life of every practical description ; upon the plan suggested by him in a memorial to the legislature, which was referred to in the will.

*S. Sherwood*, for the complainants. The legacies bequeathed to, and the provisions in the will in favor of Mrs. Yates, the defendant, were intended by the testator to be in lieu of dower, and she must elect whether she will take under the will, or take the dower to which she is entitled by law. (7 *Cranch*, 370.) The testator intended to dispose of his whole estate, not to dispose of part, and to permit a part to be distributed by law. The provisions in the will, although not expressed to be in lieu of dower, are evidently so intended ; the implication is irresistible. The directions of the will would be defeated by the allotment of dower. (*Herbert* v. *Huron et ux.* 7 *Cranch*, 370. *Adsit* v. *Adsit*, 2 *John. Ch. R.* 451.) The testator has made ample provision for the support of his widow in the same style in which she had been accustomed to live. Taking the whole plan of the will together, looking at its design and object, it is manifest the testator meant to provide for his wife, and dispose of all his other property discharged of dower. If the defendant elects to take the provisions in her favor, she must release or declare her renunciation of dower. The defendant is only entitled to a life estate in the Walnut Grove farm ; and she is only entitled to the use during her life of the specific personal estate and library given to her by the will. (*Gillespie* v. *Miller*, 5 *John. Ch. Rep.* 21.)

*C. Stebbins*, for the defendant. The defendant is entitled to dower in the real estate not devised to her by the will of John B. Yates, in addition to the other provisions

1840.

Fuller
v.
Yates.

made for her by said will. The rule is, that a widow is not to be put to her election between her dower and a provision made for her by will, unless the taking of both would be manifestly contrary to the terms of the will. (*Wood* v. *Wood*, 5 *Paige*, 601. *Adsit* v. *Adsit*, 2 *John. Ch. Rep.* 448.) There is nothing in the will of the testator inconsistent with the claim of dower, nor any provision that would be disturbed by it. It is true, he directs a sale of his whole property, but such was also the case in the cases cited; and in this respect the case of *Wood* v. *Wood* is precisely in point. The defendant is entitled under the will to an estate in fee in the Walnut Grove farm. The specific devise to her forms an exception to the general devise to the trustees contained in the preceding part of the will. (2 *Burr. R.* 920.) The devise to her is of the " possession and direction" of the farm, &c., and under the revised statutes, it is a question of intention whether or not a fee passes without words of perpetuity. (2 *R. S.* 57, §5.) If he had intended to limit her possession and direction of the farm to the term of her life, what reason can be given for his not saying so in express terms, as he did in the two other paragraphs immediately preceding and succeeding this ? The bequest to the defendant of the household furniture, carriages and other personal property, conveyed to her an absolute estate in the personal property. It was manifestly the intention of the testator to convey an absolute interest. The words used would be sufficient to pass an absolute interest in real estate even. (*See* 1 *R. S.* 748, §31, 32 ; 2 *Idem*, 57, § 5 ; 4 *Kent's Comm.* 537, 8.) The case of *Gillespie* v. *Miller*, (5 *John. Ch. R.* 21,) does not conflict with this construction. That case arose before the revised statutes, and it was evidently the intention of the testator in that case to convey a life estate only. The intention to give a life estate must be made to appear by express terms or be necessarily implied.

THE CHANCELLOR. The right of dower being a legal right, the wife cannot be deprived of it by a testamentary

disposition in her favor, so as to put her to an election, unless the testator has manifested his intention to deprive her of dower, either by express words or necessary implication. It is not pretended in this case that the language of the will in respect to the provisions for the wife are at all inconsistent with her claim to dower in the residue of the testator's real estate. The cases on the subject of implied manifestation of intention to exclude the right of dower appear to establish this principle, that to put the wife to her election, the will must contain provisions which are wholly inconsistent with her claim of dower in the particular portion of the estate as to which the claim of dower is made. Thus, in *Birmingham* v. *Kirwan*, (2 *Scho. & Lef.* 440,) where the testator devised his property to trustees, with power to sell or mortgage the same, and out of the rents or of the proceeds of the sales or mortgages to pay his debts and also the sum of 4000*l.* for legacies, one of which legacies was to his wife ; and devised a house and farm to his wife for life, at a certain specified rent, Lord Redesdale held that the wife could not claim her dower in the house and farm, as that would be inconsistent with the will, which reserved to the trustees a rent which extended to the whole farm. But he also held that she was not barred of her dower in the residue of the estate, although it would not sell for so much as if her claim of dower therein was relinquished. That case was in some respects like the present in reference to the implied exclusion of the right of dower in the estate to be sold ; inasmuch as a part of the proceeds of the sale were for the benefit of the wife herself. And in the case under consideration, some of the property in which the defendant claims dower may have to be sold for the purpose of raising the annuity to her, and paying the other legacies, if the testator's personal estate should not be found sufficient for that purpose. Chancellor Kent says the testamentary provision in lieu of dower, in order to render it such upon the wife's acceptance of it, must be declared in express terms to be given in lieu of dower ; or that intention must be deduced by clear and

manifest implication from the will, founded upon the fact that the claim of dower would be inconsistent with the will, or so repugnant to its provisions as to disturb and defeat them. (4 *Kent's Comm.* 58.) And his judicial decision in this court, in the case of *Adsit* v. *Adsit*, (2 *John. Ch. R.* 448,) is an authority to show that a devise to trustees to sell, and to pay a legacy to the widow out of the proceeds of such sale, is not inconsistent with her claim of dower in the estate which the trustees are authorized to sell. The cases of *Foster* v. *Cook*, (3 *Bro. C. C.* 347,) and *French* v. *Davies*, (2 *Ves. jun.* 527,) are also authorities in support of the same principle. And in the case of *Wood* v. *Wood*, (5 *Paige's Rep.* 601,) where the testator directed his real estate to be sold, and a portion of the proceeds to be invested for the use of his wife during her widowhood, but without indicating any intention that her interest as tenant in dower should be sold also, this court held that the provision in the will was not inconsistent with her claim of dower ; and that the widow was not bound to elect.

In the present case, although the testator has expressly directed village lots to be laid out and sold, as they may be wanted, it is not necessary that each lot should be sold subject to the widow's right of dower. For a portion of the lots thus laid out may be assigned to her for her dower in the whole, and the rest may be sold free from any claim of dower. Or she may be endowed of other portions of the real estate, leaving all that is wanted for village lots during her life entirely free and unincumbered. I therefore conclude that upon the settled principles of law on this subject, the widow is entitled to dower in the testator's real estate, notwithstanding the devises and bequests in her favor in the will. Taking the whole disposition which the testator has made of his property into consideration, it can hardly be said he intended to give her dower in addition to the testamentary dispositions in her favor ; and probably if the question of dower had occurred to him, he would have inserted a provision in the will declaring that the dis-

positions in her favor should be in lieu of dower in the residue of his estate. But it is not sufficient to bar her dower that he did not think on the subject ; as that would only indicate a want of intention either one way or the other. To exclude her right to dower, which is given to her by law, the will itself must show that he probably did contemplate the subject, and intended that the testamentary provisions for the wife should exclude her from all claim to dower, if she elected to take them.

I think the language of the will clearly indicates that the defendant was only to have a life interest in the Walnut Grove farm. Under the provisions of the revised statutes, the term heirs, or other words of inheritance, are no longer necessary to pass a fee ; but every grant or devise of real estate, or any interest therein, passes all the estate or interest of the testator in such lands, unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied in the terms of such grant. (1 *R. S.* 748, § 1.) If therefore there had been a direct devise of the Walnut Grove farm to the defendant, although without words of perpetuity, the subsequent provision for an annual allowance to her to keep it in repair, would not be evidence of an intent to limit the devise to the continuance of her life merely. But the language of the will is peculiar. There is no direct devise to her of the farm ; and she takes a life estate therein by implication only. This farm, together with all the testator's other real estate, is devised in the first place to his executors and trustees ; and her interest in the farm is carved out of that devise, by language which clearly indicates that he did not intend to give to her an estate commensurate with that which he had previously conveyed to the trustees. The language of the testator, after giving to his wife an annuity which is in terms limited to the duration of her life, is that she shall have the *possession and direction* of the Walnut Grove farm. And in order to keep up the garden and improve the property, he gives her a further annuity of $500, in addition to the *income* of the farm.

Although the 47th section of the article of the revised statutes relative to uses and trusts turns this beneficial interest in the farm, which is thus given to her, into a legal estate, it does not enlarge that estate, or extend its duration beyond the period to which the testator's language shows he intended to confine the beneficial interest. And the possession and direction of the farm could not extend beyond the termination of her natural life.

I think there can be no reasonable doubt that the specific bequest of the household furniture, carriages and harness, waggons, sleighs, farming implements and horses, &c., is an absolute bequest to the wife of the whole property and interest therein, and not merely a life interest in the use thereof. There is nothing in the will to indicate an intention to thus limit the bequest. And the next clause of the will, which gives her the use of the library during her natural life, shows that the testator clearly understood the distinction between an absolute bequest of personal property, and the bequest of a mere life interest in property which would not probably be consumed in the using.

A decree must therefore be entered declaring the construction of the will of the testator according to this decision ; and directing the complainants to assign to the defendant her dower in the real estate of which the testator died seized, and to permit her to take and enjoy the property specifically bequeathed to her accordingly, and to pay to her the annuities out of the testator's estate according to the directions of the will. The costs of both parties to be paid out of the personal estate not specifically bequeathed.