Dodge agt. Dodge.

---

# SUPREME COURT.

### Abigail Dodge agt. Josiah Dodge and others.

Where it clearly appears by the *will* that the testator has distributed the residue of his property, after making *provision for his widow*, amongst his children, or other persons, in such proportions as he considered them entitled to, and that to allow the widow to take *both the provision of the will and her dower* out of the estate, would defeat or materially lessen the allotments to all or any of the devisees or legatees, the intention of the testator *not* to give her both the provision and dower out of the estate is plainly manifested; and the court should require the widow to *elect*.

*New York General Term, June*, 1860.

Sutherland, Mullin and Leonard, *Justices*.

By the court, Mullin, Justice. The only question presented by the appeal in this case is, whether under the pro-

visions of the will of Josiah Dodge, deceased, the widow is compelled to elect between the provision made for her by the will, and her dower, or whether she is entitled to both the provision and the dower?

The will devises to the wife during her life the use of the homestead at Troy, in Cheshire county, New Hampshire, except such part as he bequeathed to his son. He further bequeathed to her an annuity of $400 during life, payable semi-annually in sums of $200 each—the first payment to be made in six months from his decease. This annuity was charged upon the testator's real estate, situate in West Eleventh street, in the city of New York. That real estate was disposed of as follows: Lots number eighty-nine and ninety-three to his daughter, Mrs. Flagg; to his son Henry lot number ninety-one. It was further provided by said will that said lots should be holden to pay their respective shares of said annuity, in proportion to their assessed valuation in the public inventory of property. It was also provided that said Josiah should never possess the right to sell said premises, but they shall be held by a competent trustee, to be appointed by the probate court, which said trust shall cease at the death of said Josiah, and that said Josiah shall not receive any income from the rents or profits of said premises unless he shall become the head of a family, in which case the entire annual income shall accrue to him; or if Josiah remain single at the age of forty years and upwards, and become infirm or unable to support himself, the trustee is directed to grant him an annuity of $100 for his support. It was further provided by said will, that as there are certain incumbrances upon the Eleventh street property, the proceeds and profits of said estate, after the necessary current expenses are paid therefrom, shall be appropriated as far as necessary, and are made liable to pay said annuity. These are all the provisions of the will in relation to the Eleventh street property.

It seems that the testator died possessed of a consider-

able amount of personal property, and seized of other real estate in New York and New Hampshire. He gave portions of the real estate out of the city of New York to each of his children, and to some of them shares of his personal estate.

Whether the division of his estate amongst his children was an equal one, neither the pleadings nor the evidence enable us to determine. It is enough for us to know that he was competent to understand the claims of the several members of his family upon his bounty, and he is to be presumed to have made such a division of his property as was right and just, in view of the situation and claims of his wife and children.

The right of the widow to dower, in the lands of her husband, is superior to all other liens and claims upon it, not created by her act, or existing at the time of the marriage. The husband cannot, by any act of his, deprive her of this right. If he makes provision for her by his will, and does not declare that it shall be in lieu of dower, she is, as a general rule, entitled to both provision and dower. (*Fuller* agt. *Yates*, 8 *Paige*, 325.)

Whether she is entitled to both, or is put to her election between the provision in the will and dower, is a question of intention on the part of the testator.

The intention to give both is presumed, unless the other provisions of the will are such as to manifest an intention to put her to her election. (*Lewis* agt. *Smith*, 5 *Seld.*, 502.)

It has been held not to be enough that the other provisions of the will will be interfered with, but it must clearly appear that the testator would not have distributed his property in the manner in which it is distributed by the will had he contemplated that the widow could have claimed or been entitled to her dower in addition to the provision in the will.

When a testator makes a provision in his will for his widow, without declaring it to be in lieu of dower, and devises the residue of his property amongst other persons,

Dodge agt. Dodge.

it would seem to be an indication that he intended the division thus made should not be disturbed by his wife's claiming dower out of the property thus distributed. But such a devise of the residue of the estate, after making provision for the wife, has not been held such conclusive evidence of an intention to put the widow to her election as to induce the courts to compel her to elect. Some more decisive evidence of intention has been required.

It seems to me that when it clearly appears by the will that the testator has distributed the residue of his property, after making provision for his widow, amongst his children or other persons, in such proportion as he considered them entitled to, and that to allow the widow to take both the provision of the will and her dower out of the estate, would defeat or materially lessen the allotments to all or any of the devisees or legatees; that the intention of the testator not to give her both the provision and dower out of his estate, is plainly manifested, and the court should require the widow to elect.

The rule that has heretofore prevailed has in very many cases operated oppressively and unjustly on heirs and legatees, and most frequently in cases where either the dower or the provision of the will was amply sufficient for the wife, while giving her both was ruinous to others entitled under the will.

In this case it seems to me that the provisions of the will in behalf of the children demonstrate that it was not the intention of the testator to give the widow both dower and the provision. If she is entitled to the annuity she takes it without diminution; if she takes dower she is entitled to one-third part of each house and lot on which that annuity is charged. The remaining two-thirds then must have charged upon them the whole of the shares of such lot in payment of the annuity. If one-third of the annuity was extinguished with the assignment of the dower, in the Eleventh street property, there would be less ground of

complaint. But no such result is attainable. The whole annuity must be paid, and two-thirds of the property charged with it must pay it.

Again: lot number ninety-five West Eleventh street is, by the will, given to a trustee in trust to receive the rents and profits, to be paid over under certain restrictions and limitations to Josiah during his life. It was intended as a provision for the support of himself and family, if he should have one ; and if the widow takes dower, one-third of the means of support thus provided is taken away. Was such the intention of the testator ? It seems to me not.

The trust created, or intended to be created, by the will for the benefit of Josiah, would be entirely inconsistent with the right of the widow to dower. But it is said that the trust is invalid, and is, therefore, to be considered as if no such provision was contained in the will. I do not agree to the conclusion. The controlling consideration in the construction of the will is the intention of the testator. And if the creation of the trust manifests an intention inconsistent with the right of the wife to the provision and dower, it cannot change the intention, if the trust is subsequently declared illegal and void. The testator deemed it valid when he made it. It was one of the means which he adopted to give effect to his intention, and whether legal or illegal, the intention manifested by the provision should have effect.

Without occupying more time in discussing the question, I must declare my conclusion to be that under the provisions of this will, the widow must be put to her election between the provision of the will and her dower; she cannot have both.