JOHN KONVALINKA et al., as Executors, etc., Appellants, *v.* GEORGE SCHLEGEL, Appellant, and MARIA SCHLEGEL, Respondent.

| 104 | 125 |
|-----|-----|
| 113 | 235 |
| 104 | 125 |
| 144 | 391 |
| 104 | 125 |
| e172 | ³ 30 |
| 172 | 31 |
| e172 | ¹ 32 |
| 172 | ³387 |

The will of S., who died leaving both real and personal estate, after providing for the payment of his debts and giving certain specific legacies, gave his residuary estate to his executors to sell and dispose of the same and divide the proceeds equally between his " wife and children, share and share alike." *Held,* that the widow was not put to her election, but was entitled to dower in addition to the provision made for her in the will; that the devise to the executors was void as a trust, but valid as a power in trust, and the lands descended to the heirs, subject to the execution of the power, and that the execution of such power was not inconsistent with a dower interest, but a sale would be subject thereto.

Dower is never excluded by a provision for the wife except by express words or necessary implication. Where there are no express words there must be on the face of the will a demonstration of the intent of the testator that the widow shall not take both dower and the provision. Such demonstration is furnished only where there is a clear incompatibility, arising on the face of the will, between a claim of dower and a claim to the benefit of the provision.

The intention to put the widow to an election between dower and the provision may not be inferred from the extent of the provision or because she is devisee for life or in fee, or because it might seem to the court

unjust as a family arrangement to permit her to claim both, or because it might be inferred that had the attention of the testator been called to it he would have expressly excluded dower.

*Savage* v. *Burnham* (17 N. Y. 561) and *Tobias* v. *Ketcham* (32 id. 319), distinguished.

(Argued December 9, 1886 ; decided January 18, 1887.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 9, 1886, which affirmed a judg- ment, entered upon a decision of the court on trial at Special Term. (Reported below, 39 Hun, 451.)

This action was brought to obtain a judicial construction of the will of George Schlegel, deceased.

The facts, so far as material, are stated in the opinion.

*John W. Konvalinka* and *Henry McCloskey* for appellants. The entire estate became personalty and vested in the executors in equity, for the purpose of putting them in the possession of a fund to carry out the trust created by the will. (*Lent* v. *Howard*, 89 N. Y. 177; *Dodge* v. *Pond*, 23 id. 69; *Stagg* v. *Jackson*, 1 id. 206; *Moncrief* v. *Ross*, 50 id. 431; *Meaking* v. *Cromwell*, 5 id. 136; *Hatch* v. *Bassett*, 52 id. 359; *Bogert* v. *Hertell*, 4 Hill, 492; *Graham* v. *Livingston*, 7 Hun, 11; *Le Fevre* v. *Toole*, 84 N. Y. 95.) An absolute direction in a will to sell real property if it effects an equitable conversion from the time of the testator's death, shows an intention to dispose of his estate in a manner inconsistent with the widow's right of dower. (*Brink* v. *Layton*, 2 Redf. R 79.) If a testator, intending to dispose of his property and making all his arrangements under the impression that he has the power to dispose of all that is the subject of his will, mixes in its disposition property that belongs to another person, or property as to which another person had a right to defeat his dispositions, giving to that person an interest by his will, that person will not be permitted to defeat the disposition when it is in his power and yet take under the will. (*Hawley* v. *James*, 16 Wend., 62–142; Willard's Eq., 713, 715; Story's Eq.,

§ 1075.) It was not the intention of the testator to give the widow dower, in addition to an equal share with the children in the personalty. (*Dodge* v. *Dodge*, 31 Barb. 413 ; 2 Redf. on Wills, 442 ; *Vernon* v. *Vernon*, 53 N. Y. 351, 361 ; *Provost* v. *Colyer*, 62 id. 585 ; *Bates* v. *Hillman*, 43 Barb. 645 ; *Savage* v. *Burnham*, 17 N. Y. 577 ; *Tobias* v. *Ketcham*, 32 id. 327.) There are only two ways in which the legal estate may be in one and the beneficial interest in another, viz. : by giving a trustee in addition to an absolute and imperative power of sale, either the right to receive the rents and profits or by converting the estate into personalty. (*Cook* v. *Platt*, 98 N. Y. 35 ; *Graham* v. *Livingston*, 7 Hun, 11 ; *Lent* v. *Howard*, 89 N. Y. 177.)

*W. E. Glover* for respondents. The provision of the will as to the residue includes the right to collect the rents and income of the estate and divide the same, until a sale, and is not, therefore, a mere naked power of sale. (*Lent* v. *Howard*, 89 N. Y. 169.) The shares would not be equal if one of the devisees took, first, one-third and then an equal share with the other devisees. (*Chalmers* v. *Stovil*, 2 Ves. & Bea. 222 ; 2 How. Pr. [N. S.] 514 ; *Cole* v. *Cole*, 2 id. 516 ; *Dickson* v. *Robinson*, 1 S. & St. 513 ; *Le Fevre* v. *Toole*, 84 N. Y. 95–102.) This will directs a conversion into cash, and must, therefore, be taken as a disposition of personal property, and is to be regarded at the testator's death *eo instanti* as such. Of this the widow gets an equal share with the children. (*Hatch* v. *Bassett*, 52 N. Y. 359 ; *Moncrief* v. *Ross*, 50 id. 431.)

*George Bliss* for respondents. The widow is entitled to take both the share in the testator's estate given her under the will and to retain her dower in his real estate. (*Lasher* v. *Lasher*, 13 Barb. 106 ; *Church* v. *Bull*, 2 Denio, 430 ; aff'd, 5 Hill, 206 ; *Adsit* v. *Adsit*, 2 Johns. Ch. 448, 452 ; *Sanford* v. *Jackson*, 10 Pai. 266 ; *Tobias* v. *Ketcham*, 32 N. Y. 319, 325 ; *Lewis* v. *Smith*, 9 id 502, 511, 521 ; *Vernon*

v. *Vernon*, 53 id. 351, 362; *In re Zahrt*, 94 id. 605; *Leonard* v. *Steele*, 4 Barb. 20; *Lasher* v. *Lasher*, 13 id. 106; *Fuller* v. *Yates*, 8 Paige, 325, 330; *In re Frazer*, 92 N. Y. 239; *Bull* v. *Church*, 5 Hill, 206; aff'd, 2 Denio, 430; *Jackson* v. *Churchill*, 7 Cow. 286; *Havens* v. *Havens*, 1 Sandf. Ch. 324, 329, 331; *Wood* v. *Wood*, 5 Paige, 596, 599; *Frazer* v. *Frazer*, 92 N. Y. 239; *Smith* v. *Kniskern*, 4 Johns. Ch. 9; *Rathbone* v. *Dyckman*, 3 Paige, 9; *White* v. *Kane*, 1 How. [U. S.] 382; *Mills* v. *Mills*, 28 Barb. 454; *Dawson* v. *Bell*, 1 Keen, 761, 764; *Bending* v. *Bending*, 3 Kay & J. 257.) The mere amount of provision for a widow does not show an intent to put her to her election. (*Lewis* v. *Smith*, 9 N. Y. 511; *Havens* v. *Havens*, 1 Sandf. Ch. 324–329; *Frazer* v. *Frazer*, 92 N. Y. 239.) Inasmuch as a testator cannot in law control the sale of his wife's estate as tenant in dower, a general direction to sell must be held to apply only to that interest in the estate which he can control. (*Lewis* v. *Smith*, 9 N. Y. 502; *In re Frazer*, 92 id. 239; *Harrison* v. *Harrison*, 1 Keen, 768; *Foster* v. *Cook*, 3 Bro. C. C. 347; *Gibson* v. *Gibson*, 17 Eng. L. &. Eq. 349.) A devise of lands to trustees to sell, or a direction to the executors to sell is understood to pass the estate subject to dower. (*Adsit* v. *Adsit*, 2 Johns. Ch. 451; *Wood* v. *Wood*, 5 Paige, 596, 601; *Lewis* v. *Smith*, 9 N. Y. 502, 511; *Bull* v. *Church*, 5 Hill, 207; *In re Frazer*, 92 N. Y. 239; *Gibson* v. *Gibson*, 17 Eng. L. & Eq. 353; *Harrison* v. *Harrison*, 1 Keen, 768.) A mere power of sale does not create a trust estate, and to bar dower there must be not only a trust, but a trust inconsistent with the claim of dower. (*Wood* v. *Wood*, 5 Paige, 596, 601; *In re Frazer*, 92 N. Y. 239; *Vernon* v. *Vernon*, 53 id. 632; *Williams* v. *Freeman*, 98 id. 577; *Ellis* v. *Lewis*, 3 Hare, 310; *Bending* v. *Bending*, 3 Kay & J. 57.)

ANDREWS, J. The question is, whether the widow of the testator is put to her election between dower and the provision in the will.

The estate of the testator consisted of both real and per-

sonal property.   The will, after directing the payment of the testator's debts and funeral expenses, and after giving to his wife the bed-room furniture in his dwelling-house, and to his children the rest of the furniture therein, proceeds as follows :  "All the rest, residue and remainder of my estate, property and effects of every nature, kind and description, I give, devise and bequeath to my executors and executrix hereinafter named, and I authorize and direct them to sell and dispose of the same at such time and on such terms as to them shall seem best, and to divide the proceeds thereof equally among my wife and children, share and share alike."

There can be no controversy as to the general principles governing the question of election between dower and a provision for the widow in the will.   Dower is favored.   It is never excluded by a provision for a wife, except by express words or by necessary implication.   Where there are no express words there must be upon the face of the will a demonstration of the intention of the testator that the widow shall not take both dower and the provision.   The will furnishes this demonstration only when it clearly appears without ambiguity or doubt, that to permit the widow to claim both dower and the provision would interfere with the other dispositions and disturb the scheme of the testator, as manifested by his will.   The intention of the testator to put the widow to an election cannot be inferred from the extent of the provision, or because she is a devisee under the will for life or in fee, or because it may seem to the court that to permit the widow to claim both the provision and dower would be unjust as a family arrangement, or even because it may be inferred or believed, in view of all the circumstances, that if the attention of the testator had been drawn to the subject he would have expressly excluded dower.   We repeat, the only sufficient and adequate demonstration which, in the absence of express words, will put the widow to her election, is a clear incompatibility, arising on the face of the will, between a claim of dower and a claim to the benefit given by the will.   We cite a few of the cases in this State showing

the general principle and the wide range of application. (*Adsit* v. *Adsit*, 2 J. Ch. 449 ; *Sanford* v. *Jackson*, 10 Paige, 266 ; *Church* v. *Bull*, 2 Den. 430 ; *Lewis* v. *Smith*, 9 N. Y. 502 ; *Fuller* v. *Yates*, 8 Paige, 325 ; *Havens* v. *Havens*, 1 Sand. Ch. 324, 331 ; *Wood* v. *Wood*, 5 Paige, 596.)

In view of these settled rules, we think the widow in this case was not put to her election. The devise to the executors was void as a trust, but valid as a power in trust, for the sale of the lands and a division of the proceeds, and the lands descended to the heirs of the testator, subject to the execution of the power. (1 Rev. Stat. p. 729, § 56 ; *Cooke* v. *Platt*, 98 N. Y. 35.) It is strenuously urged that the power of sale being peremptory, worked an equitable conversion of the lands into personalty, as of the time of the testator's death, and created a trust in the executors in the proceeds for the purpose of distribution, which trust, it is alleged, is inconsistent with a claim of dower. The doctrine of equitable conversion, as the phrase implies, is a fiction of equity which is frequently applied to solve questions as to the validity of trusts ; to determine the legal character of the interests of beneficiaries ; the devolution of property as between real and personal representatives, and for other purposes. It seems to be supposed that there is a necessary repugnancy between the existence of a trust in real property created by a will, and an outstanding dower interest of a widow in the trust property. We perceive no foundation for this contention. If the purposes of a trust, as declared, require that the entire title, free from the dower interest of the widow, should be vested in the trustees in order to effectuate the purposes of the testator in creating it, a clear case for an election is presented. (*Vernon* v. *Vernon*, 53 N. Y. 351.) But the mere creation of a trust for the sale of real property and its distribution, is not inconsistent with the existence of a dower interest in the same property. There is no legal difficulty in the trustee executing the power of sale, but the sale will necessarily be subject to the widow's right of dower, as it would be subject to any outstanding interest in a third person. paramount to

that of the trustee. In the cases of *Savage* v. *Burnham* (17 N. Y. 561), and *Tobias* v. *Ketcham* (32 id. 319), the widow was put to her election, not because the vesting of the title in trustees was *per se* inconsistent with a claim for dower, but for the reason that the will made a disposition of the income, and contained other provisions which would be in part defeated if dower was insisted upon. There is language in the latter case, which, disconnected with the context, may give color to the contention of the appellant. But it is the principle upon which adjudged cases proceed, which is mainly to be looked to, because a correct principle is sometimes misapplied. There is, however, no ground for misapprehension of the meaning of the learned judge in that case, interpreting his language with reference to facts then under consideration. It has frequently been declared that powers of, or in trust for sale, are not inconsistent with the widow's right of dower. (*Gibson* v. *Gibson*, 17 Eng. L. and Eq. 349 ; *Bending* v. *Bending*, 3 Kay & J. 257 ; *Adsit* v. *Adsit, supra ; In re Frazer*, 92 N. Y. 239.) And it was held in *Wood* v. *Wood* (5 Paige, 596), that the widow was not put to her election where the testator devised all his property to trustees with a peremptory power of sale, and directed the payment to the widow of an annuity out of the converted fund. The same conclusion was reached under very similar circumstances in *Fuller* v. *Yates* (8 Paige, 325), and *In re Frazer* (*supra*), the widow's dower was held not to be excluded by a provision in the will, although as to a portion of the realty the power of sale given to the executors was peremptory. The general doctrine is very clearly stated by the vice-chancellor in *Ellis* v. *Lewis* (3 Hare, 310): " I take the law to be clearly settled at this day, that a devise of lands *eo nomine* upon trusts for sale, or a devise of lands *eo nomine* to a devisee beneficially, does not *per se* express an intention to devise the lands otherwise than subject to its legal incidents, dower included." This remark of the vice-chancellor also answers the claim that the testator, when he described as the subject of the dower, " all the rest, residue and remainder of my estate," meant the entire title, or the estate as enjoyed by

him.   A similar argument was answered by Lord THURLOW in
*Foster* v. *Cook* (3 Bro. Ch. C. 347).   " Because," he said, " the
testator gives all his property to the trustees, I am to gather
from his having given all he has, that he has given that which
he has not."   The argument that the testator intended equality
of division between his wife and children is also answered by
the same consideration.   The proceeds of the testator's estate
were, by the will, to be equally distributed.   It left untouched
the dower of the widow, which he could not sell or authorize
to be sold, and which was a legal right not derived from him
and paramount to all others.   It may be conjectured, perhaps
reasonably inferred, that the testator really intended the pro-
vision for his wife to be exclusive of any other interest, but
so it is not written in the will, and we are not permitted to
yield any force to the suggestion.   It is a question of legal
interpretation which has been settled.

The judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.