KIMBEL v. KIMBEL et al.

(Supreme Court, Appellate Division, Second Department.   February 19, 1897.)

WILLS—BEQUEST TO WIDOW—DOWER.
   The implication that a bequest of personal property and money to the widow
   was in lieu of dower does not necessarily arise where testator bequeathed the
   residue of his estate, real and personal, to his children, and empowered his
   executors to sell the real estate, and give sufficient deeds thereof, if necessary
   for the payment of legacies or convenient management of the estate.

Appeal from special term, Westchester county.

Action by Mary Ann Kimbel against Anthony Kimbel, Jr., and Charles F. Bauerdorf, executors of the will of Anthony Kimbel, deceased, and others.   From a judgment for defendants, plaintiff appeals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Sidney H. Stuart, for appellant.

Robert E. Deyo, for respondents.

BRADLEY, J.   Action for dower.   The plaintiff is the widow of Anthony Kimbel, deceased.   He left his will, which was admitted to probate and record.   By it he gave the plaintiff $1,000, to be paid to her within 60 days after his death.   By the following and third clause he bequeathed to her all his furniture in his New York residence.   By the fourth clause he bequeathed to her and his children all his engravings, pictures, and books in that residence, to be divided equally between them.   His children were seven in number. By the fifth clause he bequeathed to the executors of his will $50,000 in trust to invest the same and pay the income to the plaintiff, in quarterly or semiannual payments, during her life.   By the sixth clause he devised and bequeathed all the rest, residue, and remainder of his estate, real and personal, to his children, share and share alike.   And the following is the tenth clause of his will:

   "For the purpose of dividing my estate to pay the legacies or devises hereinbefore contained, or for the more convenient managing of my estate, or for any other reason that may commend itself to my executors hereinafter named, I hereby authorize and empower them, or the survivor of them, to sell all or such part of my real estate at such time and upon such terms as they, or the survivor of them, may deem advisable, either at public or private sale, and to give good and sufficient deeds and conveyance thereof."

Those above mentioned are the only provisions of the will requiring any attention for the purposes of the questions arising for consideration on this review.   The controversy presented by the issues is whether the plaintiff shall be put to her election to accept the provisions of the will in her behalf, or waive the benefit of them and take her dower interest in the realty.   In other words, the question is whether the bequests in the will to the plaintiff, and in her behalf, were made to her in lieu of dower.   The court at special term, in an able opinion, reached a conclusion in the affirmative of that proposition.   We are unable to adopt that view of the provisions of the will.

In the early history of the common law, dower was recognized as

a right, and thereafter had its support; and dower has since become
the subject of declaratory statute in this state.   1 Rev. St. p. 740, § 1.
The statute provides that if provision be made for her by will, in lieu
of her dower, she shall make her election whether she will take such
provision, or will be endowed of the lands of her husband.   Id. p.
741, § 13.   The will in question does not, in terms, provide that the
bequests to the plaintiff are in lieu of dower, nor can such be the
effect unless rendered so by clear and manifest implication from the
provisions of the will; and such implication must be founded on the
fact that the claim of dower is inconsistent with them, or so repug-
nant to the disposing provisions of the will as to defeat their execu-
tion.   Fuller v. Yates, 8 Paige, 325; Sanford v. Jackson, 10 Paige,
266; Konvalinka v. Schlegel, 104 N. Y. 125, 9 N. E. 868.   The rea-
son for the strict rule of construction and interpretation of the pro-
visions of a will bearing upon the question of intent of a testator in
such case is in the fact that dower is favored in the law, and the
necessity of the widow to elect whether she will relinquish or retain
her right to it is not permitted to rest upon doubt or uncertainty.
And, although there has been some apparent conflict in its applica-
tion by the courts, the principle has, with substantial uniformity,
been such in England and in this country.   In the early case in this
state of Adsit v. Adsit, 2 Johns. Ch. 448, may be found an interesting
and instructive review by the chancellor of English cases on the
subject; and he said that to permit such implication as to require
the widow to elect "the claim of dower must be inconsistent with
the will, and repugnant to its dispositions, or some of them."   It
cannot be assumed, from the extent of the pecuniary provision
made by the will of a husband to his wife, that he intended it in
lieu of dower.   The view on that subject as expressed by the chan-
cellor in Fuller v. Yates, 8 Paige, 325, was:

"Taking the whole disposition which the testator has made of his property into
consideration, it can hardly be said he intended to give her dower in addition to
the testamentary dispositions in her favor; and probably, if the question of dower
had occurred to him, he would have inserted a provision in the will declaring that
the dispositions in her favor should be in lieu of dower in the residue of his estate.
But it is not sufficient to bar her dower that he did not think on the subject, as that
would indicate a want of intention either one way or the other."

The provisions of the will in the present case relied upon to sup-
port the alleged intent of the testator that the bequests to the plain-
tiff were made in lieu of dower are those of the sixth and tenth
clauses, to the effect that he gives all the residue of his estate, real
and personal, to his children, and gives to the executors power of
sale for the purposes mentioned, and expresses the grant of power
"to give good and sufficient deeds and conveyance thereof."   The
gift of the rest, residue, and remainder of his estate, real and per-
sonal, to his children, was not inconsistent with the right of dower
of his widow in the real estate.   Her interest, inchoate until the
death of the testator, then became consummate in the real prop-
erty as to which there was a concurrence of his seisin and the mar-
riage relation of the testator and the plaintiff, except so far as she
had barred her dower during his life.   The gift of the residue of

his estate, after making some provision for her, does not purport to include her dower interest in such residue, but only such estate as was his to give.    And this would be so if she had been included as one of the beneficiaries of the gift and devise of the residue. In Konvalinka v. Schlegel, 104 N. Y. 125, 9 N. E. 868, the testator, by the terms of his will, gave all the rest, residue, and remainder of his estate to the executors, to sell and divide the proceeds equally among his wife and children.    The question there was whether the widow was required to elect.    The court, in holding that she was not put to her election, remarked that the dower is never excluded by a provision in a will for a wife, "except by express words or by necessary implication," and that "the only sufficient and adequate demonstration which, in the absence of express words, will put the widow to her election, is a clear incompatibility, arising on the face of the will, between a claim for dower and a claim to the benefit given by the will."    This is the accepted and settled doctrine of the adjudicated cases on the subject.    The provisions of the tenth clause created no trust, but a mere power of sale; and nothing is added to the effect of it, as bearing upon the question under consideration, by the expression of power to give good and sufficient deeds and conveyance.    The power to sell would, by implication, include the power to convey by deed all the estate which he could authorize the executors to sell.    This is not necessarily inconsistent with the existence of the incumbrance of the dower interest of the widow, and therefore the allowance of her claim of dower in the real property will not necessarily defeat any of its provisions.    Wood v. Wood, 5 Paige, 596; Lewis v. Smith, 9 N. Y. 502, 510; In re Frazer, 92 N. Y. 239, 249; Konvalinka v. Schlegel, supra. It would have been otherwise if the power had been given to the executors to sell and convey free from incumbrances.    Then the power would have clearly manifested an intent of the testator to deny to his widow dower in the land if she elected to accept the provisions made for her by the will.    The case would then have come within the rule applied in Vernon v. Vernon, 53 N. Y. 351.

The views above expressed lead to a conclusion contrary to the assumption of the learned counsel for the defendants, to the effect that the fee of the real estate was devised to the children of the testator free from incumbrance, and that such was the character of the power of sale given to the executors.    It is not necessary to the right of the widow to take both the testamentary provision made in her behalf, and dower, that the testator so intended; but, to require her to elect, it must clearly and manifestly appear, by implication, that he intended that the provision made in the will for the plaintiff should be in lieu of dower.    In the view taken of the cases cited on the defense, they do not seem to support the contention to that effect.    In Savage v. Burnham, 17 N. Y. 561, all the real estate of the testator was devised to the trustees, with direction that his wife receive one-third part of the clear rents and profits, and that the other two-thirds should be deemed part of her personal estate, and be disposed of in the manner provided.    By this devise the trustees took title for the

purposes of the trusts expressed in the will. It may be observed that by this means he had given the legal title to the trustees, and one-third of the rents and profits to his wife during her life. It was held that the claim of dower was inconsistent with the provisions of the will, and could not stand with them. It is unnecessary to refer specifically to the provisions of the will which were treated as inconsistent with the claim of dower in the real property, further than to call attention to the reasons expressed by Judge Andrews in the Konvalinka Case, who delivered the opinions of the court in that and the Vernon Case. He says of the Savage Case that "the widow was put to her election, not because the vesting of the title in trustees was per se inconsistent with a claim for dower, but for the reason that the will made a disposition of the income, and contained other provisions which would, in part, be defeated if dower was insisted upon." This was an adequate reason for the result in that case. In Tobias v. Ketchum, 32 N. Y. 319, the testator gave one-third of the income of all his real estate to his wife, and directed the executors to carry out such provision. It was held that the executors, as trustees, took the legal title, and, upon the authority of the Savage Case, that the provisions of the will were inconsistent with the claim of dower, and consequently the widow was put to her election. The reasons for such conclusion do not very clearly appear in the opinion there delivered, nor are they, for its support, entirely in harmony with other cases. In referring to it in the Konvalinka Case, Judge Andrews said that there is language in the Tobias Case "which, disconnected with the context, may give color to the contention of the appellant" in that case. "But it is the principle upon which adjudged cases proceed which is mainly to be looked to, because a correct principle is sometimes misapplied. * * * It has frequently been declared that powers of, or in trust for, sale, are not inconsistent with the widow's right of dower,"—some of which cases are cited by the learned judge. Those remarks are somewhat suggestive of his view of the Tobias Case, and nothing further need be added on this subject. In Le Fevre v. Toole, 84 N. Y. 95, the testator, by his will, gave several legacies, and then gave all of his residuary estate, real and personal, to his wife. It was clear, on the face of the will, that there was a manifest implication of intent of the testator that the provision made for the wife was in lieu of dower. In Re Zahrt, 94 N. Y. 605, it also clearly appeared on the face of the will that the intention of the testator, as expressed by the testamentary disposition of his property, could not be fully accomplished if the widow made and effectuated her claim for dower.

The view taken of the principle, and the rule of its application, deduced from the multitude of cases on the subject, is that it does not appear by implication, on the face of the will, that the testator intended that the plaintiff could not take the testamentary provisions made for her, otherwise than in lieu of dower, for the reason that there is no necessary or clear repugnancy between such provisions and the continuance of her existing dower estate in the real property of the testator. There is no occasion to refer to the oral evidence given on the trial in relation to the extent of the real and

personal property left by the testator, as it has no essential bearing upon the question presented for consideration.

The judgment should be reversed, and a new trial granted; costs to abide the final award of costs. All concur.