### CLOSS v. ELDERT et al.

(Supreme Court, Appellate Division, Second Department.   May 24, 1898.)

1. WILLS—DOWER RIGHTS.

A testator has no authority over the dower right of his wife, and, as such right is favored in law, it will be upheld unless the widow is compelled, by express words, to make her election, as required by the statute, or unless the will may not be executed in its integrity without importing into it an implication to that effect.

2. SAME—DEVISE IN LIEU OF DOWER.

A testator by his will provided that "I hereby give, devise, and bequeath all the rest, residue, and remainder of my estate, both real and personal, to my son, Luke, and my daughter, Emma, and my wife, share and share alike. * * * I hereby declare * * * that all the said devisees shall respectively hold the said premises * * * to themselves, respectively, and to their respective heirs and assigns, forever, absolutely." *Held*, that the provision for the wife was not intended to be in lieu of dower.

Appeal from special term, Queens county.

Action by Emma Closs against Luke Eldert and others.   From a judgment for plaintiff, defendants appeal.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

George W. Davison, for appellants.

W. H. Geiger, for respondent.

HATCH, J.   This action was brought to partition certain lands in the county of Queens.   The case presents a single question, whether the testator, Garrett V. W. Eldert, intended by his will that his widow should take the devise made to her by the will in lieu of dower or in addition thereto.   The clauses of the will which require construction are the seventh, which reads: "I hereby give, devise, and bequeath all the rest, residue, and remainder of my estate, both real and personal, equally to my said son, Luke Eldert, and my said daughter, Emma Closs, and my said wife, Julia Eldert, share and share alike;" and the eighth: "I hereby declare that it is my intention, and I hereby will, that all the said several devisees shall respectively hold the said premises so devised to them, respectively, with all the hereditaments and appurtenances to them belonging, to themselves, respectively, and to their respective heirs and assigns, forever, absolutely."

The will contains no clause or words that any devise made to the widow is to be in lieu of dower.   The well-settled rule of construction, therefore, requires that the devise is not to be so regarded unless there is a clear and manifest implication to be found in the terms of the will, which, when considered as a whole, are found to be inconsistent with its disposing clauses, or are so repugnant thereto that, if not applied, the instrument will be defeated in its execution.   Kimbel v. Kimbel, 14 App. Div. 570, 43 N. Y. Supp. 900.

The testator has no authority over the dower right of his wife, and, as such right is favored in law, it will be upheld unless the widow is compelled by express words to make her election, as required by the statute, or the will may not be executed in its integrity without importing the implication into it.   It is well settled that the pecuniary

provision made by the testator for the wife is not the criterion.    If
there be no expressed intention or necessary implication, arising from
other disposing clauses of the will, the pecuniary provision is not to be
considered, even though, in the opinion of the court, it be too great.
Fuller v. Yates, 8 Paige, Ch. 325.

This leaves the question before us to turn upon a consideration as to
whether the provisions of the will will be defeated if the dower right
be preserved.    The seventh clause of the will gives to the son,
daughter, and wife the remainder of the estate "equally,    *    *    *
share and share alike."    It is said that this language is controlling, in
excluding the wife from dower, for the reason that partition equally
would be rendered impossible if the dower right should be first de-
ducted.    There would be no difficulty of partition of the estate thus
disposed of, if it were the subject of incumbrance, nor would the will
be defeated in execution by reason of the existence of such incum-
brance.    It would still be quite within the power of the court to
make partition, and make such partition equal after first deducting
the incumbrance.    There is nothing in the language used which makes
the scheme of the will inconsistent with the discharge of any in-
cumbrance held by any of the persons.    If one of the devisees held a
mortgage upon the property, it would scarcely be contended that such
person could not enforce the mortgage, because such enforcement
would destroy equality of division, under the terms of the will.    The
dower right is essentially a lien, and the wife is entitled to its benefits.
It may not be taken away by uncertain phrases or dubious construc-
tion.    If the view which has obtained is to be supported, then we
must read into this clause that the property is to be divided equally,
"excluding the dower right of the wife."    It may be divided equally
if we hold that it is subject to the incumbrance of dower, as we would
so hold if it were incumbered by mortgage, and such holding would do
no violence to the language used, nor would it be inconsistent with or
repugnant to the terms of the will.    The dower right was not the
testator's to give, any more than would have been any other incum-
brance, and when he remained silent upon this subject it cannot be
said that he intended to wipe it out simply from the fact that the
amount received would be unequal if it was deducted.    Rather I
think should we say that the division was to be equal after the de-
duction, in the absence of words showing a different intention.    Mr.
Justice Bradley, in speaking for this court, said:  "The gift of the
residue of his estate, after making some provision for her, does not
purport to include her dower interest in such residue, but only such
estate as was his to give; and this would be so if she had been included
as one of the beneficiaries of the gift and devise of the residue."    Kim-
bel v. Kimbel, supra.    We see no reason why the doctrine announced
in the Kimbel Case and in Konvalinka v. Schlegel, 104 N. Y. 125, 9
N. E. 868, should not be applied to this case.    So applied, they are con-
clusive of it.    The plaintiff is not aided by a consideration of the
eighth clause.    It relates, by its terms, to the estate which has been
devised, and does not pretend to add anything thereto or in any wise
enlarge the same.    Such estate as has been devised by its terms is
made absolute.    Beyond this it has no force or effect upon the estate

which the several devisees take. Certainly it cannot be held to work any limitation upon the estate devised to the wife or her right of dower. No words indicate such intention, nor is it otherwise manifest.

The judgment should be reversed, with costs to abide the final award of costs.