EMMA CLOSS, Respondent, *v.* JULIA E. ELDERT, Appellant, Impleaded with Others.

*Will — when a provision for a widow is not in lieu of her dower.*

A testator gave by his will the residue of his estate, real and personal, as follows: "Equally to my said son, Luke Eldert, and my said daughter, Emma Closs, and my said wife, Julia Eldert, share and share alike;" and by a subsequent clause provided: "I hereby declare that it is my intention, and I hereby will, that all the said several devisees shall, respectively, hold the said premises so devised to them, respectively, with all the hereditaments and appurtenances to them belonging, to themselves, respectively, and to their respective heirs and assigns forever, absolutely." The will contained no statement that the devise to the widow was in lieu of her dower.

*Held,* that the widow took dower in addition to the devise.

APPEAL by the defendant, Julia E. Eldert, from so much of a judgment of the Supreme Court in favor of the plaintiff, entered

in the office of the clerk of the county of Queens on the 7th day of June, 1897, upon the decision of the court rendered after a trial at the Queens County Special Term, as adjudges that she has no right of dower in the property mentioned and described in the complaint in the action.

*George W. Davison,* for the appellant.

*W. H. Geiger,* for the respondent.

HATCH, J.:

This action was brought to partition certain lands in the county of Queens. The case presents a single question, whether the testator, Garrett V. W. Eldert, intended by his will that his widow should take the devise made to her by the will in lieu of dower, or in addition thereto. The clauses of the will which require construction are the 7th, which reads: "I hereby give, devise and bequeath all the rest, residue and remainder of. my estate, both real and personal, equally to my said son, Luke Eldert, and my said daughter, Emma Closs, and my said wife, Julia Eldert, share and share alike;" and the 8th: "I hereby declare that it is my intention and I hereby will that all the said several devisees shall respectively hold the said premises so devised to them, respectively, with all the hereditaments and appurtenances to them belonging, to themselves, respectively, and to their respective heirs and assigns forever, absolutely."

The will contains no clause or words that any devise made to the widow is to be in lieu of dower. The well-settled rule of construction, therefore, requires that the devise is not to be so regarded unless there is a clear and manifest implication to be found in the terms of the will, which, when considered as a whole, are found to be inconsistent with its disposing clauses or are so repugnant thereto that if not applied the instrument will be defeated in its execution. (*Kimbel* v. *Kimbel,* 14 App. Div. 570.)

The testator has no authority over the dower right of his wife, and as such right is favored in law, it will be upheld unless the widow is compelled by express words to make her election, as required by the statute, or the will may not be executed in its integrity without importing the implication into it. It is well settled that the pecu-

niary provision made by the testator for the wife is not the criterion. If there be no expressed intention or necessary implication, arising from other disposing clauses of the will, the pecuniary provision is not to be considered even though, in the opinion of the court, it be too great. (*Fuller* v. *Yates,* 8 Paige, 325.)

This leaves the question before us to turn upon a consideration as to whether the provisions of the will will be defeated if the dower right be preserved. The 7th clause of the will gives to the son, daughter and wife, the remainder of the estate " equally    *    *    * share and share alike." It is said that this language is controlling in excluding the wife from dower, for the reason that partition equally would be rendered impossible if the dower right should be first deducted. There would be no difficulty of partition of the estate thus disposed of, if it were the subject of incumbrance, nor would the will be defeated in execution by reason of the existence of such incumbrance. It would still be quite within the power of the court to make partition, and make such partition equal after first deducting the incumbrance. There is nothing in the language used which makes the scheme of the will inconsistent with the discharge of any incumbrance held by any of the persons. If one of the devisees held a mortgage upon the property it would scarcely be contended that such person could not enforce the mortgage because such enforcement would destroy equality of division under the terms of the will. The dower right is essentially a lien and the wife is entitled to its benefits. It may not be taken away by uncertain phrases or dubious construction. If the view which has obtained is to be supported, then we must read into this clause that the property is to be divided equally, " excluding the dower right of the wife." It may be divided equally if we hold that it is subject to the incumbrance of dower, as we would so hold if it were incumbered by mortgage, and such holding would do no violence to the language used, nor would it be inconsistent with or repugnant to the terms of the will. The dower right was not the testator's to give any more than would have been any other incumbrance, and when he remained silent upon this subject it cannot be said that he intended to wipe it out simply from the fact that the amount received would be unequal if it was deducted. Rather, I think, should we say that the division was to be equal after the

deduction in the absence of words showing a different intention. Mr. Justice BRADLEY, in speaking for this court, said : " The gift of the residue of his estate, after making some provision for her, does not purport to include her dower interest in such residue, but only such estate as was his to give. And this would be so if she had been included as one of the beneficiaries of the gift and devise of the residue." (*Kimbel* v. *Kimbel, supra.*) We see no reason why the doctrine announced in the *Kimbel* case and in *Konvalinka* v. *Schlegel* (104 N. Y. 125) should not be applied to this case. So applied they are conclusive of it. The plaintiff is not aided by a consideration of the 8th clause ; it relates, by its terms, to the estate which has been devised, and does not pretend to add anything thereto or in any wise enlarge the same. Such estate as has been devised, by its terms, is made absolute ; beyond this it has no force or effect upon the estate which the several devisees take. Certainly it cannot be held to work any limitation upon the estate devised to the wife or her right of dower. No words indicate such intention, nor is it otherwise manifest.

The judgment should be reversed, with costs to abide the final award of costs.

All concurred.

Interlocutory judgment reversed and new trial granted, costs to abide the final award of costs.