(25 Misc. Rep. 680.)

### DUNCKLEE v. BUTLER et al.[1]

(Supreme Court, Special Term, New York County. December, 1898.)

1. WILLS—CONSTRUCTION—TRUSTS—PERPETUITIES.

 A devise was in trust for life for the testator's four children, the share of each child dying without issue to be divided among the survivors by way of addition to the original portion of each. There was no one named to take on the death of the second taker without issue. *Held*, that in such event the share of such second taker would go under the statutes of distribution and descent, and hence the will was not objectionable, because the power of alienation might be suspended during three lives.

[1] Modified and affirmed on appeal. See 56 N. Y. Supp. 492.

2. SAME.

A will provided for trust estates for life for the testator's four children, the share of one dying without issue to go to the survivors, and continued: "Should any of my children die before arriving at the age of twenty-one years, said residue shall be held in trust, as aforesaid, for the benefit of the survivors of them, and administered as above provided, only the number of parts into which said residue shall be divided shall be equal to the number of children then living." *Held* that, a daughter dying under 21 leaving issue, it would take its mother's share, the same as though she had died after attaining the age of 21.

3. DOWER—ELECTION.

Where a devise to testator's widow was the same as her dower interest, it was in addition thereto, since otherwise there was no room for election on her part.

4. SAME.

The execution by a wife with her husband of a deed which was undelivered at his death does not affect her right to dower in the land sought to be conveyed, it not being shown to have worked any estoppel against her, since the deed, not being delivered, conveyed nothing.

Action by Charles T. Duncklee, as executor, etc., of John G. Butler, deceased, against Francella Butler and others.

Stickney, Spencer & Ordway, for plaintiff.

Blair, Phelps & Lyman, for defendant Francella Butler.

Otto C. Wierum, Jr., for defendants Jennie G. Butler, Mary E. Butler, and James B. Brown.

Charles W. Truslow, guardian ad litem of various infant defendants.

DALY, J. It is not clear that the testator intended successive subdivisions of the trust estates created by the will, which would illegally suspend the ownership or the power of alienation. The first division is into trust estates for life for the four children, and there is a subdivision of the share of a child dying without issue among the surviving children by way of addition to the portion originally held in trust for each survivor. It can be argued that this involves a further subdivision upon the death of each second taker, and that a further addition to the shares held in trust for the survivors of the latter, and a possible third life interest in portions of the shares may thus be created; but it is not apparent from the text of the will that such was the scheme, and that the whole intention of the testator would be defeated by a different construction. We may hold, under the authorities in this state, that but one subdivision was intended (Everitt v. Everitt, 29 N. Y. 84; Vanderpoel v. Loew, 112 N. Y. 167, 19 N. E. 481; Corse v. Chapman, 153 N. Y. 466, 47 N. E. 812); and that, upon the death of the second taker (if a daughter or if the son under 30), the addition to the share held in trust for each second taker will go, in default of issue of the latter, to the next of kin of the testator, under the statute of distribution or of descents, no taker of the remainder upon the death of such second taker without issue being named by the will. Upon the decease of any child without issue, if the estate from which it derives an income for life has been increased by an addition upon the death of any other child, or of the widow, such addition upon such decease will be distributed under the statute.

There would seem to be.no express provision, under another portion of the clause under discussion, for the inheritance, by the issue of a daughter dying before reaching the age of 21, of its mother's share. The provision, "Should any of my said children die before arriving at the age of twenty-one years, said residue shall be held in trust, as aforesaid, for the benefit of the survivors of them, and administered as above provided, only the number of parts into which said residue shall be divided shall be equal to the number of children then living," would seem to leave unprovided for issue of a daughter dying under the age of 21. But it can reasonably be held that, taken in connection with the preceding portions of the clause, such provisions would not prevent the issue taking in the same manner that it would if the mother died after reaching the age of 21.

It is manifest from the provision that the testator's nephews and nieces are to inherit if all his children die under age without issue that they are not to take in any other contingency. As to the provision for the widow from the real estate, it should be construed as an addition to dower; otherwise, it is wholly meaningless. It gives her the income of a third of the real estate for life. If it were intended in lieu of dower, it would follow that she would be required to make an election between two things, which are precisely the same; and no such idle intention can be attributed to any testator. To require a widow to make an election, it must clearly and manifestly appear by implication that the testator intended the provision to be in lieu of dower. Kimbel v. Kimbel, 14 App. Div. 570–576, 43 N. Y. Supp. 900. This cannot be manifest where it appears that there is no room to choose, and there is nothing with respect to which option can be exercised. The right to dower in the real estate, described in the undelivered deed of the testator, cannot be disputed. The execution of the deed by the wife with her husband during his lifetime, without delivery, conveyed nothing, and is not shown to have worked any estoppel against her.

Judgment may be settled upon notice. Ordered accordingly.