*People ex rel. Haerle* v. *Supervisors,* 31 App. Div. 557), or the relator may maintain an action thereon to enforce the liability created by the contract. (Town Law, § 182, chap. 569, Laws of 1890.)

For reasons already stated, this proceeding cannot be maintained. The writ should, therefore, be quashed.

All concurred.

Writ of certiorari dismissed, with ten dollars costs and disbursements.

---

EMIL OPITZ, as Executor, etc., of FREDERICK HAMMEN, Deceased, Appellant, *v.* EMMA HAMMEN and Others, Respondents.

*Complaint — sustained on demurrer, where a like complaint has passed through the General Term and Court of Appeals.*

The fact that the complaint in an action is in substance and effect the same as that in another action which passed through the General Term and the Court of Appeals without any suggestion being made that the action could not be maintained, is a sufficient warrant for holding that it states facts sufficient to constitute a cause of action.

APPEAL by the plaintiff, Emil Opitz, as executor, etc., of Frederick Hammen, deceased, from a judgment of the Supreme Court in favor of the defendant, Emma Hammen, entered in the office of the clerk of the county of Kings on the 24th day of December, 1898, upon the decision of the court rendered after a trial at the Kings County Special Term, sustaining the said defendant's demurrer to the plaintiff's amended complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, and dismissing the complaint upon the merits.

*Richard Cohn,* for the appellant.

*James P. Judge,* for the respondents.

WOODWARD, J.:

This action was brought to obtain a judicial construction of the will of Frederick Hammen, deceased, and to have it adjudged and

·determined whether the plaintiff herein, as executor and trustee, took the real estate left by the decedent under his will as devisee, subject to the right of dower of the defendant Emma Hammen, widow of the decedent, and whether she had a right of dower therein in derogation of said trust and freed from the control of the plaintiff, executor and trustee, or whether she should make her election to take the provision made for her in and by said will, or her dower as provided by law. The said defendant demurred to the amended complaint served on the 18th day of November, 1898, on the ground that it did not state facts sufficient to constitute a cause of action, and upon the argument the learned trial court sustained the demurrer. From the judgment entered this appeal is taken.

The complaint, in substance and effect, is the same as that of *Konvalinka* v. *Schlegel* (104 N. Y. 125), and the fact that that case passed through the General Term and was decided in the Court of Appeals, without the suggestion being made that the action could not be maintained, is a sufficient warrant for holding that the complaint did contain the necessary averment of facts, and the demurrer should have been overruled. The court below has already construed the will, as we believe, correctly, under the rule laid down in the *Konvalinka Case* (*supra*); and, as there can be no controversy over the facts, judgment should have been entered accordingly.

The judgment appealed from should be reversed and the demurrer overruled, with costs.

All concurred.

Judgment reversed and the demurrer overruled, with costs, with leave to the defendants to withdraw demurrer and serve answer within twenty days, upon payment of the costs of demurrer and of this appeal.