Mabel H. Webster, Respondent, v. The State of New York, Appellant. (Claim No. 24144.) — Judgment affirmed, with costs. Memorandum: We find that the claimant has complied with the provisions of the Court of Claims Act, in effect in 1935, in respect to service of notice of intention to file her claim and of the filing thereof, and are also of the opinion that the amount of the award is not excessive, and therefore, affirm the judgment, with costs. All concur. (The judgment awards damages for personal injuries sustained by reason of bleacher seats collapsing at exercises at Brockport Normal School.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

E. Douglas Webster, Respondent, v. The State of New York, Appellant. (Claim No. 24857.) — Judgment affirmed, with costs. Memorandum: Under the provisions of section 15, subdivision 5, of the Court of Claims Act (added by Laws of 1936, chap. 775), that court had discretionary power to grant claimant leave to file the claim in question. Upon the facts presented by this record, we find no abuse of its discretion and are also of the opinion that the amount of the award is not excessive. All concur. (The judgment awards damages for loss of services of, and medical attention for, claimant's wife, injured as stated in companion case last above.` Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

Fanny B. Forgham, Respondent, v. John E. Forgham, Individually and as Executor, etc., of Richard F. Forgham, Deceased, and Others, Appellants, and John Jackson and Others, Defendants.— Interlocutory judgment affirmed, with costs. Memorandum: Only in one or two unimportant details is the scheme of the will interfered with by an allowance of dower. The fact that real estate was devised to the son " to be his and his absolutely " does not militate against dower in such real estate. (*Close* v. *Eldert*, 30 App. Div. 338; *Roessle* v. *Roessle*, 163 id. 344.) And the power, to the executor, to sell and convey the real estate "by good and sufficient deeds of conveyances" does not indicate an intention of the testator that dower should not attach. (*Kimbel* v. *Kimbel*, 14 App. Div. 570; *Konvalinka* v. *Schlegel*, 104 N. Y. 125.) The rule is universal that dower is favored by the law and cannot be cut off, except by express words or by inference compelled by the language of the whole will. All concur. (The interlocutory judgment is for plaintiff in an action to admeasure plaintiff's dower in real estate.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.