(1 App. Div. 54.)

## CONNER et al. v. WATSON et al.

(Supreme Court, Appellate Division, First Department. January 24, 1896.)

DOWER—DEVISE.

> Where testator directs his executors to distribute his estate among his widow and children in such a manner as in their judgment should be best, the widow is not put to her election between the will and her right to dower in addition to the provision made for her in the will.

Appeal from special term, New York county.

Action by Caroline M. Conner and others against Ann E. Watson, as executrix, and others, for partition. From an interlocutory judgment denying the right of Ann E. Watson to dower, she appeals. Modified.

The appellant's right to dower in some portions of the real estate sought to be partitioned is not adjudged, and of this she complains. James M. Conner, at the time of his death, was the owner of an undivided interest in the real estate. He left the appellant, his widow, and several children; and he left a will wherein he instructed his executors to distribute, and apportion to his widow and children, his estate, in such a manner and at such times as should, in their judgment, be for the best interest of his widow and children, and gave such executors full power to sell as much of his real and personal property as they should deem best, and to invest or distribute the proceeds of such sales as they deemed best for the interest of all. The plaintiff accepted the provisions of the will made for her benefit, and claims she is also entitled to dower in the real estate sought to be partitioned.

Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS, and PATTERSON, JJ.

Clarence D. W. Rogers, for appellant.

WILLIAMS, J. Under the will the widow and children were entitled to an equal proportion of the property. 1 Rev. St. pt. 2, c. 1, tit. 2, § 98,—which provides that where a disposition under a power is directed to be made to or between several persons, without any specification of the share or sum to be allotted to each, all the persons designated shall be entitled to equal portions. Such being the construction of the will, the question raised here is settled by the authority of Konvalinka v. Schlegel, 104 N. Y. 125, 9 N. E. 868, and the cases therein referred to. In that case the will, after providing for the payment of debts and some specific legacies, gave the residue of the estate to the executors, to sell and dispose of the same, and divide the proceeds equally between the widow and children, share and share alike. It was held that the widow was not put to her election, but was entitled to dower in addition to the provision made for her in the will; that the devise to the executors was void as a trust, but valid as a power in trust, and the lands descended to the heirs subject to the execution of the power; and that the execution

of such power was not inconsistent with the dower interest; but the sale would be subject thereto. The appellant here is clearly entitled to dower as claimed by her, and provision should be made for it in the interlocutory judgment appealed from.

The judgment should be modified accordingly, and as modified affirmed, with costs to appellant from the fund out of which dower is payable. All concur.