VIRGINIA GLASER, Respondent, *v.* HENRY C. GLASER, Individually and as Executor, etc., of JOSEPH GLASER, Deceased, and as Testamentary Guardian, etc., of the Defendant BERNARD GLASER, and BERNARD GLASER, Appellants, Impleaded with Others.

*Dower — when the widow is entitled to it, and also to the provision made for her by her husband's will.*

Where a testator by the 3d paragraph of his will gives to his widow one-third of· the proceeds from the sale of certain real property, and by the 4th paragraph gives the remaining two-thirds of the proceeds to his executors in trust to apply the net income thereof to the maintenance of his son, Bernard, until the latter becomes of age, and then to turn over the principal to him, and in the 6th paragraph gives the remainder of his estate to his said son, Bernard, the widow is entitled to dower in the real estate mentioned in the 3d paragraph of the will in addition to one-third of the proceeds of the sale of such real estate.

APPEAL by the defendant Henry C. Glaser, individually and as executor, etc., of Joseph Glaser, deceased, and as testamentary guardian, etc., of the defendant Bernard Glaser, and by Bernard Glaser, by Alexander Herzog, his guardian ad litem, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of April, 1901, upon the decision of the court rendered after a trial at the New

York Special Term, with notice of an intention to bring up for review upon such appeal an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of April, 1901, granting an extra allowance of costs to various parties to the action.

*David· Gerber*, for the appellants.

*William McArthur*, for the respondent.

Judgment affirmed, with costs, on opinion of court below.

The following is the opinion of LAWRENCE, J., delivered at Special Term:

LAWRENCE, J.:

The facts in this case are not disputed. The plaintiff alleges in her complaint that she is the widow of Joseph Glaser, deceased, who died on or about the 29th of December, 1898, leaving a last will and testament, of which the defendant Henry C. Glaser is the executor; and that said testator was at the time of his death seized of certain property situated in Spring street, in the city of New York, which is in the complaint more particularly described; that the defendant Henry C. Glaser is the testamentary guardian of the defendant Bernard Glaser, an infant of the age of eighteen, appointed and acting as such in and by the aforesaid last will and testament of Joseph Glaser, deceased, and is also executor of said last will and testament, having duly qualified and acting as such. The plaintiff further avers that by the death of Joseph Glaser, the husband of the plaintiff, this plaintiff, as widow of the said deceased, became and was and is seized of and entitled to the choate right of dower in the premises in Spring street, described in the complaint, in addition to one-third of the proceeds realized upon a sale under his will, subject to the lien of a certain mortgage mentioned in the complaint. The plaintiff further avers that by this action she disaffirms and disclaims any election to accept dower in lieu of any provision under the will of said Joseph Glaser, but alleges the fact to be that she is entitled to both her dower in said premises and one-third of the proceeds realized on a sale of said premises. The 3d paragraph of the will

of Joseph Glaser provides as follows: "To my present wife, I give and devise one-third part of the proceeds from the sale of my property situated in Spring street in the City of N. Y., and known as No. 40–42 Spring street." By the 4th paragraph of said will it is provided: "The remaining two-thirds of the proceeds from the sale of my said property No. 40–42 Spring street are to be invested by my executors for the benefit of my son Bernard in improved property in the City of New York, the net income therefrom is to be used for his maintenance until he becomes of age, then the invested property is to be turned over to him by my executor." The 6th paragraph of the will of said testator is as follows: "The remainder of my estate, of whatsoever nature it might be, I give, bequeath and devise to my son Bernard." The sole question presented in the case is whether, under the will of her husband, the plaintiff is entitled to one-third of the proceeds realized upon the sale of the premises in Spring street and also to her dower therein in addition. Dower is never excluded by a provision for a wife except by express words or necessary implication. Where there are no express words there must be on the face of the will a demonstration of the intent of the testator that the widow shall not take both dower and the provision. Such demonstration is furnished only where there is a clear incompatibility arising on the face of the will between a claim of dower and a claim to the benefit of the provision. The intention to put the widow to the election between dower and a provision may not be inferred from the extent of the provision or because she is the devisee for life or in fee, or because it might seem to the court unjust as a family arrangement to permit her to claim both, or because it might be inferred that had the attention of the testator been called to it he would have expressly excluded dower. (*Konvalinka* v. *Schlegel*, 104 N. Y. 125.) My examination of the will of Joseph Glaser convinces me that there is no such clear incompatibility between its provisions and the claim of the plaintiff to dower as to justify me in holding that the widow is excluded therefrom. It will be observed that in the case of *Konvalinka* v. *Schlegel* (*supra*) the will there under consideration gave the residuary estate to the executors to sell and dispose of the same and divide the proceeds equally between his wife and children, share and share alike.

The language there is very much the same as that which is used in this case. Yet it was held that the widow was not put to her election, but was entitled to her dower in addition to the provision made for her in the will. It was further held that the devise to the executors in that case was void as a trust, but valid as a power in trust, and that the lands descended to the heirs subject to the execution of the power, and that the execution of such power was not inconsistent with the dower interest, but a sale would be subject thereto. In this case, in the will under consideration no power of sale is given to the executors excepting such as is to be implied from the direction that the proceeds of the sale of the property are to be divided between the wife and the son Bernard, and that Bernard's share thereof shall be invested by the executors for his benefit. But assuming that a power of sale must necessarily be implied from the provisions of the will, I see no inconsistency in holding that it must be exercised subject to the dower interest of the wife. In *Purdy* v. *Purdy* (18 App. Div. 310) there was a bequest by a husband to his wife for life, of all his property, real and personal, conditional upon her keeping the property in repair and paying to his brother from the real estate four dollars each month, followed by a devise of the remainder of the real estate to other persons, and by a gift of all the residue of the estate to the wife, yet, in the absence of any statement in the will that the provision for the wife was made in lieu of dower, it was held that the wife was not deprived of her right to recover dower in the premises of which she was constituted the life tenant. In *Kimbel* v. *Kimbel* (14 App. Div. 570) the testator gave $50,000 to his executors in trust, to pay over the income thereof to his wife; the rest, residue and remainder of his estate, real and personal, he devised to his seven children, and he gave his executors a power of sale "for the purpose of dividing my estate to pay the legacies or devises hereinbefore contained or for the more convenient managing of my estate or for any other reason that may commend itself to my executors hereinafter named." It was held that the provision for the wife was not made in lieu of her dower, that it was not necessary in order to establish the widow's right to to take both her dower and also under the provisions of the will to affirmatively show that the testator so intended, but in order that she should be required to elect between the two it must clearly and

manifestly appear by implication that he intended that the widow should not take under the provisions made for her in the will otherwise than in lieu of dower. The gift of the residuary estate to the children of the testator only affected the disposition of what was left of the estate after dower had been deducted, and that the power of sale given to the executors was not inconsistent with the existence of a dower interest in the widow. (See, also, *Conner* v. *Watson*, 1 App. Div. 54.) Discovering no inconsistency between the claim of the widow to dower and her right to the bequest made by the will, I am, therefore, of the opinion that the plaintiff is not put to her election, but that she is entitled to judgment as prayed for in her complaint. (See *White* v. *Kane*, 51 N. Y. Super. Ct. 295, 301.) Draw decision and judgment accordingly and settle on notice.