## VEDDER *vs.* THE SUPERINTENDENTS OF THE POOR OF THE COUNTY OF SCHENECTADY.

An action cannot be maintained against the superintendents of the poor upon an account for services relating to the support of county paupers.

Should the superintendents refuse to audit such an account, the proper remedy is by *certiorari*. *Semble. Per* WHITTLESEY, J.

ERROR to the Schenectady common pleas. Vedder brought assumpsit in the court below against the superintendents of the poor of Schenectady county, for services as a justice of the peace, performed at their request. The cause was referred to a sole referee. On the trial it appeared that the plaintiff was a justice of the peace in the city of Schenectady from May 1842, to May 1843, and during that period, without any agreement as to price, was employed to take affidavits of paupers being county charges, and draw orders for their relief: that he had presented his account for these services to the superintendents, amounting to $104,76. The superintendents had audited it at $46,50, for which they had given him an order on the county treasurer. In auditing the account they had disallowed certain items. The $46,50 which was allowed had been paid to Vedder by the treasurer under a protest that the amount disallowed, and which the action was brought to recover, was due. The plaintiff offered to prove that the services charged in the account which were disallowed by the superintendents had been performed, and that the price charged for each was but a reasonable compensation. The referee held that the auditing by the superintendents was conclusive, and refused to admit the evidence. The plaintiff excepted. Judgment was given by the common pleas upon the report of the referee, and the plaintiff brought error.

*P. Potter*, for plaintiff in error. 1. The power conferred upon the superintendents of the poor to audit and settle accounts of justices of the peace for services relating to the support and relief of county paupers, (1 *R. S. 2d ed.* 636, § 62,) was not

intended to confer judicial power. It simply rendered it their duty to hear the claims and pay them. 2. Inferior jurisdictions created by statute can exercise no powers but such as are expressly conferred. Judicial power is not among those given the superintendents. 3. The statute gives them power to make contracts, and provides for the manner they may be sued upon them. (2 *R. S.* 474, §§ 97, 98.) 4. Conferring a power on a corporation to perform certain acts, does not *per se* give it the exclusive power to perform them, nor abridge the common law rights of others, unless by express language of the statute. The absence of the express power implies a negative.

*S. H. Johnson*, for defendants in error.

*By the Court*, WHITTLESEY, J. The defendants are public agents. The business for which the action is brought was performed by the plaintiff as a justice of the peace under the statute, and I cannot see how an action would lie against the defendants in any event. It is true the case states that the service was rendered upon their employment; which amounts to this: one public officer, at the request or designation of another, performed service for which he was entitled to compensation from the public treasury. From such a cause no right of action would accrue between them, except under special circumstances, none of which appear in the present case.

The decision was however put upon other grounds by the referee. He held that the decision of the superintendents as an auditing board was final and conclusive upon the plaintiff's claim; and that having received of the county treasurer the sum allowed, there was nothing farther due to him. This was correct. In cases in which the auditing board has jurisdiction it acts judicially; and this was such a case, being an account of a justice of the peace for services in relation to county poor. By the 62d section (1 *R. S.* 636, 2*d ed.*) it is provided as follows: " The superintendents of the poor in the several counties of this state shall audit and settle all accounts of overseers of the poor and justices of the peace and all other persons for services rela-

ting to the support, relief or transportation of county paupers, and shall from time to time draw on the county treasurer for the amount of the accounts which they shall audit and settle." The 61st section gives the same power to the supervisors to "audit and settle the charges of the same officers and other for services in respect to the poor not a county charge." In each of these cases the proceedings can be removed by certiorari. They are analogous to the proceedings of boards of town auditors which may be so removed. (*People* v. *Supervisors of Queens,* 1 *Hill,* 195.) And if a certiorari will lie to these officers in such cases, it follows that they exercise judicial powers therein, for to none others than those exercising such powers will that writ lie. (*Weaver* v. *Devendorf,* 3 *Denio,* 117, 119; *People* v. *Mayor of New-York,* 2 *Hill,* 9.) This power of the superintendents is not only benign and salutary in its effects, producing an equitable and effectual determination of all questions, but the obligation to exercise it is compulsory, and the court will constrain them to exercise it in all appropriate cases. (*Ex parte Green,* 4 *Hill,* 558.)

The counsel of the plaintiff insists that the meaning and extent of the authority given to the superintendents "*to audit and settle,*" is that they shall attend to the hearing of such claims as are referred to in the statute, and when liquidated pay them. The words might in themselves bear this interpretation, but here the meaning is palpably to adjust and make permanently certain. That the duty of the superintendents to pay is not even implied is manifest, as both sections of the statute above referred to provide, that after the accounts are audited and settled the county treasurer shall pay them.

Judgment affirmed.