PADDOCK *vs.* SYMONDS and others, superintendents of the poor of Jefferson county.

Where a person sells to superintendents of the poor, provisions for the poor-house, upon an agreement that it is to be a cash sale, or if an order shall be given, that it shall answer as cash, whereupon the superintendents give him an order upon the treasurer of the county, for the amount, and upon presentment of such order to the treasurer payment is refused, for want of funds, the vendor is remitted to his original right of action against the superintendents, and may recover of them the value of the supplies.

In such a case the county is liable on the contract made by its authorized agents, in the business specially committed to them by the statute : and that liability is to be enforced in a suit against the superintendents.

THIS was an appeal by the plaintiff from a judgment entered upon a report of referees. The action was brought to recover the value of provisions furnished to the predecessors of the defendants, as superintendents of the poor of the county of Jef-

ferson, for the poor-house of said county. The referee denied a motion for a nonsuit, but he finally reported in favor of the defendants.

*L. Ingalls*, for the plaintiff.

*G. C. Sherman*, for the defendants.

*By the Court*, Gridley, J. At the last July term, in the case of *Hayes* v. *The Superintendents of the Poor of Jefferson county,*(a) this court decided, upon a full consideration of the authorities, that the superintendents of the poor were a corporation, possessing the usual powers of such corporations for public purposes. They were accordingly held to be able to contract, so as to bind their successors in office for the ordinary supplies furnished for the county poor-house. The judgment against them is to be satisfied in pursuance of sections 102 and 103 of the fourth article of title four, chap. eight, part third, of the revised statutes. (2 *R. S.* 387.) In the case referred to, the plaintiff failed to recover because it appeared that he had originally given credit to the " poor-house fund," instead of the defendants; or rather, that it was within the discretion of the referees to find that fact, and the court were bound to believe that they had so found.

In the case under consideration the plaintiff's claim is not embarrassed with any such difficulty. The action is brought by Loveland Paddock as the assignee of a demand for provisions furnished for the poor-house of Jefferson county by one Howk, on a contract with the superintendents. Mr. Howk was a witness, and distinctly swore that he sold the superintendents of the poor fifteen barrels of pork, in the spring of 1848, at $14 per barrel ; that all the superintendents were together, during the negotiation ; and that the bargain was completed by two of them. The sale was to be a cash sale; or if an order was taken, · it was to answer as cash. The two superintendents, then, as superintendents of the poor, gave him an order on the treasurer

(a) Reported 9 *Barb.* 260.

of the county, payable to him or bearer, for $210, the value of the pork. This order, and the account on which it was founded, were assigned to the plaintiff, and the draft or order was by him presented to the treasurer of the county, and payment refused, because there was no money in the treasury. This suit was then commenced, against the defendants. The superintendents had drawn at sight upon the treasurer of the county, who was the keeper of the fund appropriated by law to the support of the poor. (*See* 1 *R. S.* 627, § 16, *sub.* 8, 10. *And see also p.* 635, § 54, (50) 2*d ed.*) It seems to have been well understood that when the draft was drawn there were no funds in the treasury, applicable to its payment. But after waiting till the next February the plaintiff presented the draft to the treasurer, without success. Now when the plaintiff has failed to make the order available in satisfaction of an original claim against the superintendents, I think he is remitted to his original right of action. The superintendents are a corporation representing the county ; and their draft on the treasurer is only a means to obtain the funds, from the county, and when a creditor of the county has used the appropriate means to obtain the fund, unsuccessfully, we are of opinion that he may resort to the superintendents of the poor, who were originally the contracting party, by a suit, which is the appropriate and the only remedy to compel the county to pay. (2 *R. S.* 474, § 102.) But if this were otherwise, the predecessors of the defendants having drawn on the empty treasury, are liable, on the ordinary rules applicable to individuals drawing on a bank where they have no effects. (*See Franklin* v. *Vanderpool,* 1 *Hall's Super. Court Rep.* 78 ; 17 *Wend.* 97 ; 21 *Id.* 375, *and cases there cited.*

The superintendents are the agents of the county in contracting the debt for the supplies of the poor-house, and are liable to be sued as a corporation, representing the county, on all such contracts. They gave the ordinary draft on the treasurer of the county, in payment and satisfaction of one of their contracts. The draft was not paid, for the want of funds. In such a case we entertain no doubt that the county is liable, on the contract made by its authorized agents, in the business specially com-

mitted to them by the statute. And we have seen that, being liable, that liability is to be enforced in a suit against the superintendents. Otherwise a merchant who supplies the county poor-house with provisions, is without remedy; and that position being conceded, the county would soon be without credit.

We reverse the judgment, and send the case back for a new trial.

[OSWEGO GENERAL TERM, May 5, 1851. *Pratt, Gridley, Allen* and *Hubbard,* Justices.]