EDWARD H. NEARY, APPELLANT, *v.* GEORGE ROBINSON AND OTHERS, SUPERINTENDENTS OF THE POOR OF THE COUNTY OF ST. LAWRENCE, RESPONDENTS.

*Superintendents of the poor — may audit the bill of an attorney employed by them in bastardy proceedings —* 1832, *chap.* 26, *sec.* 1.

Under section 1 of chapter 26 of 1832, authorizing the superintendents of the poor in the several counties of this State, to "audit and settle all accounts of overseers of the poor, justices of the peace, and all other persons for services relating to the support, relief or transportation of county paupers," they have power to audit and settle the bill of an attorney, retained by them, for professional services rendered in bastardy proceedings instituted by them. (LEARNED, P. J., dissenting.)

APPEAL from a judgment of the County Court of St. Lawrence county, dismissing the plaintiff's complaint and granting costs to the defendants.

The action was originally brought in a Justices' Court, where the plaintiff recovered a judgment.

*Edward H. Neary,* appellant in person.

*D. M. Robertson* and *Wm. H. Sawyer,* for the respondents.

LANDON, J. :

The plaintiff, upon the retainer of the defendants, as superintendents of the poor of the county of St. Lawrence, rendered professional services in a bastardy proceeding instituted by them. He presented his bill for such services to them, and they audited and allowed the same at twenty-five dollars, and tendered him an order on the county treasurer for that sum. The plaintiff regarding this as an inadequate allowance, refused to accept it, and the defendants destroyed the order.

If the defendants had jurisdiction to audit the bill, the plaintiff is bound by it, until he procures its reversal upon *certiorari,* which he has not attempted. (*Vedder* v. *Superintendents,* 5 Den., 564.) By chapter 26, Laws 1832, section 1 (4 Edm. St., 4), "the superintendents of the poor in the several counties in this State shall audit and settle all accounts of overseers of the poor, justices of the peace, and all other persons for services relating to the support, relief or transportation of county paupers, and shall from time to time draw on the county treasurer for the amount of the accounts which they shall so audit and settle."

This act forms no part of the Revised Statutes, though incorporated in them by subsequent compilers (vol. 1 [2d ed.], 636, § 62; vol. 2 [6th ed.], 814, § 32), and hence the argument of the learned plaintiff, based upon the connection in which it is found in such compilations, has no force.

In bastardy cases the mother and child are "deemed paupers" (1 R. S., 642, § 4), and the fact that the mother or child are likely to become chargeable to the county as paupers, gives the superintendents of the poor authority to institute these proceedings. (Id., § 5.)

The proceedings taken are for the "support" and "relief" of the mother and child, as well as for the protection of the county, and therefore the account for the services of the plaintiff "relating" thereto, seems to be within the jurisdiction of the superintendents for the purposes of audit.

The fact that upon the refusal of the plaintiff to accept the order upon the county treasurer, the defendants destroyed it, has not prejudiced the plaintiff. If he should reconsider his refusal, the superintendents would issue to him a new order.

The defendants are not obnoxious to the objection that, in auditing the plaintiff's account, they became judges in their own cause. They were public officers, both in securing the plaintiff's services, and in auditing the account for them, and in neither case can be presumed to have had any other motive than the honest discharge of official duty.

The judgment must be affirmed, with costs.

BOARDMAN, J., concurred.

LEARNED, P. J. (dissenting):

The defendants retained the plaintiff to do certain services for them. He performed the services and sues to recover their value, proved to be $120. The defense is, that the defendants had audited his claim at a certain amount, viz.: twenty-five dollars. The services were performed in bastardy proceedings, commenced to charge a putative father with the support of a child about to be born, and were in the name of the defendants. The proceedings were compromised by the defendants, and they received $300. They are authorized to "audit and settle all accounts of overseers of the poor, justices of the peace and all other persons for services relating to the support, relief or transportation of county paupers." (Laws 1832, chap. 26, § 1.) Under this section it was held that they could audit the plaintiff's claim for services rendered to themselves in bastardy proceedings. I do not see that the plaintiff's services related to the support of town paupers. Section 4 (1 R. S., m. p., 642), where it says that "such mother and child shall in all respects be deemed paupers," refers to the preceding section 3; which treats of clandestine removal. And this is made more apparent by the rest

of section four, which states that the same proceedings may be had, etc., as in case of "paupers fraudulently or clandestinely removed." So that it is only a mother and child who have been clandestinely removed, etc., under section 3, that are declared to be deemed paupers by section 4. And the subject of the support of bastards is treated of in title 6; that of the support of the poor in title 1 of chapter 20. Thus the statutes do not class the subject of bastardy under the head of the support of the poor.

Nor does it seem to me that the services rendered by the plaintiff related to the support of county paupers. They were services rendered, not to paupers, but to the defendants. The case of *Vedder* v. *Superintendents* (5 Denio, 564) was different. The plaintiff in that case was a justice of the peace. He had not been retained by the defendants, and had done no services for them. He had done services for which he was entitled to compensation from the public treasury; not from the superintendents. It appears to me at least doubtful whether, in the present case, the plaintiff has any demand against the public treasury; and whether his claim is not against the defendants, to be paid by them, and then to be allowed to them in their settlement of accounts. At any rate, I cannot think that legal services rendered to the superintendents of the poor are services relating to the support of paupers. The services related to legal proceedings; just as if the defendants had employed the plaintiff to sue a filiation bond. Such services neither support nor relieve, nor transport paupers. But they are services rendered to the defendants, for which they are liable. (*Paddock* v. *Symonds*, 11 Barb., 117.)

I think the judgment should be reversed.

Judgment affirmed, with costs.