EDWARD H. NEARY, Appellant, *v.* GEORGE ROBINSON et al., Superintendents of the Poor, etc., Respondents.

As to whether the statute (Chap. 26, Laws of 1832) authorizing superintendents of the poor to "audit and settle all accounts  *  *  *  for services relating to the support, relief or transportation of county paupers," confers upon those officers power to audit claims under contracts made with them, *quære.*

A claim of an attorney for services rendered by him on the employment of superintendents of the poor in bastardy proceedings is not one "relating to the support, relief or transportation" of paupers within the meaning of that statute, and no power is conferred upon the superintendents to audit such a claim.

Said officers have power to employ an attorney to conduct such proceedings ; they are responsible to the attorney for his services and he may enforce his claim against them by action.

*It seems* that every expense they incur by such employment is a county charge, subject to the audit of the board of supervisors.

*It seems* also that where bastardy proceedings are successful and indemnity secured, the attorney's fees, with other expenses incurred, may be charged upon the putative father. (1 R. S. 644, §§ 13, 14.)

*Neary* v. *Robinson* (27 Hun, 145), reversed.

(Argued December 16, 1884 ; decided January 20, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made May 2, 1882, which affirmed a judgment in favor of defendants, entered upon a decision of the County Court of St. Lawrence county on trial without a jury. (Reported below, 27 Hun, 145.)

This action was brought originally in justices' court against defendants as superintendents of the poor of St. Lawrence county, to recover for services rendered upon their employment by plaintiff as attorney in certain bastardy proceedings instituted by them. The answer alleged among other things that defendants, as a board of audit, authorized to audit such claim, had audited the claim at $25, and that the action of the board was final.

Plaintiff recovered judgment for $120. On appeal to the County Court, the court found in substance that plaintiff was employed by defendants; that the services were worth the sum recovered below, but that as defendants did not refuse to pay and had audited the account, although for a sum less than the value of the services. they were not liable.

*Edward H. Neary* appellant in person. Defendants are liable on the original retainer or the subsequent ratification and adoption of the services performed by plaintiff. (*Conro* v. *P. H. Iron Co.*, 12 Barb. 27; *Bank of Lyons* v. *Demmon*, Lalor's Sup. 398; *Hooker* v. *Eagle Bk. of Rochester*, 30 N. Y. 83; *Peterson* v. *Mayor, etc.*, 17 id. 449; *Wright* v. *Smith*, 13 Barb. 414; *Paddock* v. *Symonds*, 11 N. Y. 117.) The bastardy proceeding was in the name of the defendants, and they were a party to it. (2 R. S. [6th ed.] 897, § 5 *et seq.* ; *Converse* v. *McArthur*, 17 Barb. 410; *Baldwin* v. *McArthur*, id. 414; *Rivenburg* v. *Henness*, 4 Lans. 208.) The relation between plaintiff and defendants in the performance of the services was personal. (2 R. S. [6th ed.] 908, § 69.) The defendants being the party employing plaintiff, and for whom he performed the service, could not adjudicate upon the disputed claim between them, growing out of that service. (*People, ex*

*rel. Baldwin*, v. *Haws*, 47 Barb. 440 ; *In re Townsend*, 39 N. Y. 171 ; *Hudson* v. *Caryl*, 44 id. 553 ; *Baldwin* v. *Mayor, etc.*, 2 Keyes, 387 ; *Matter of Beebe*, 20 Hun, 462 ; 2 R. S. 275, § 2 ; *Oakley* v. *Aspinwall*, 3 N. Y. 547 ; *Schoonmaker* v. *Clearwater*, 41 id. 200 ; *Chambers* v. *Clearwater*, 1 Keyes, 310 ; *Rivenburg* v. *Henness*, 4 Lans. 208.) The bastardy proceeding is *sui generis*. It is a special statutory remedy, and of a criminal nature. (*People, ex rel. Supts. of Poor*, v. *Duell*, 16 How. 43 ; *Van Tassel* v. *State*, 29 Alb. L. J. [Mar. 15, 1884], 219.) The defendants are not entitled to the benefit of the audit as a defense. Facts proved but not pleaded are not available to the party proving them. (*Hall* v. *U. S. Reflector Co.*, 30 Hun, 375 ; *Field* v. *Mayor, etc.*, 6 N. Y. 179 ; *Wright* v. *Delafield*, 25 N. Y. 266 ; *Haywood* v. *Jones*, 10 Hun, 500 ; *Paige* v. *Willett*, 38 N. Y. 28 ; *Brazill* v. *Isham*, 2 Kern. 9 ; *Schreyer* v. *Mayor, etc.*, 39 Supr. Ct. [7 J. & S.] 1.) Where testimony not relevant to the issue is received on the trial, although not objected to, the opposite party is entitled to have the jury instructed that they are not to consider it. (*Hamilton* v. *N. Y. C. R. R. Co.*, 51 N. Y. 100 ; *Platner* v. *Platner*, 78 id. 90 ; *McGraw* v. *Totham*, 84 id. 677 ; *Marks* v. *King*, 64 id. 628 ; *Southwick* v. *First Nat. Bk. of Memphis*, 84 id. 420.) Evidence of audit and tender was legal, competent and proper, on the issues raised by defendants. (*Paige* v. *Willett*, 38 N. Y. 28 ; *Schreyer* v. *Mayor, etc.*, 39 Supr. Ct. [1 J. & S.] 1 ; *Bruce* v. *Kelly*, id. 27 ; *Donovan* v. *Board of Education*, 44 id. 53 ; *White* v. *Smith*, 46 N. Y. 418 ; *Reno* v. *Millspaugh*, 14 Hun, 229.) Plaintiff could not have obtained redress by *certiorari*. (*People, ex rel. Simonds*, v. *Ryken*, 6 Hun, 625 ; *People, ex rel. Waldron*, v. *Soper*, 7 N. Y. 428 ; *People* v. *Wheeler*, 21 id. 82 ; *People, ex rel. Becker*, v. *Burton*, 65 id. 452 ; *People, ex rel. Sims*, v. *Fire Comm'rs*, 73 id. 437.)

*Wm. H. Sawyer* for respondents. If the plaintiff was dissatisfied with defendants' action in the premises, his remedy was by *certiorari*, and not by suit. (*Vedder* v. *Supts. of Poor, Schenectady Co.*, 5 Denio, 564 ; *Hayes* v. *Symonds*, 9 Barb.

260; *Paddock* v. *Symonds*, 11 Barb. 117; *Buck* v. *City of Lockport*, 6 Lans. 264.) Overseers of the poor have no auditing powers. (2 R. S. [6th ed.] 822, § 76.) Nor can any right of recovery be predicated against defendants by reason of the fact, that after plaintiff refused to accept the order drawn by defendants in his favor upon the treasurer, they afterward destroyed it. (27 Hun, 145.)

FINCH, J. The defense to plaintiff's claim is put solely upon the ground that the superintendents of the poor as an auditing board had jurisdiction to audit and settle the account, and having exercised that power the plaintiff was bound by it and could not maintain an action upon his demand. (*Vedder* v. *Supts. of Schenectady*, 5 Den. 564.) He was retained professionally by the defendants to conduct certain proceedings in bastardy instituted by their order, rendered the services, and is entitled to reasonable compensation. His employers took the benefit of his services, and then claimed the right to judicially determine how much they owed him. Their authority is derived from the statute which provides that " the superintendents of the poor shall audit and settle all accounts of overseers of the poor, justices of the peace and *all other persons* for services relating to the support, relief or transportation of county paupers, and shall from time to time draw on the county treasurer for the amount of the accounts they shall so audit and settle." It was more than intimated in *Hayes* v. *Symonds* (9 Barb. 266), that purchases of material and employment of labor by the superintendents, for which they were authorized to contract, were not the class of accounts to which the statute cited had reference. It would seem to be the more reasonable interpretation that their auditing power does not extend to their own contracts, and so make them sit as judges upon questions relating to their own conduct and their own corporate liability. But without determining that question definitively, it seems to us clear that the plaintiff's claim was not one " relating to the support, relief and transportation " of the poor, as that phrase is used in the statute. The primary and specific object of bastardy pro-

ceedings is the protection and indemnity of the town or county against a future and anticipated liability. Assuming that both mother and child are likely to become chargeable to the town, the effort is to procure indemnity against that danger. The right of the mother and child, if in fact paupers, to "support, relief or transportation," in no manner depends upon the bastardy proceedings. As paupers they are to be cared for whether the putative father is discovered or apprehended or not, and whether the county secures indemnity or fails in the attempt. The services of the plaintiff related to that effort by legal proceedings to procure such indemnity, and not to the support of the bastard, which it did not affect in any appreciable degree. The superintendents are by law authorized to institute such proceedings. These have for their purpose the benefit of the town or county, and not at all that of the illegitimate and its mother. The superintendents may properly employ professional assistance in conducting the proceedings. They become responsible as employers upon a contract which they are authorized to make, and whatever expense they thus incur is made a county charge and subject to the audit of the board of supervisors. The statute determines what are to be deemed county charges, and among them is specified "the moneys necessarily expended by any county officer in performing the duties of his office in cases in which no specific compensation for such services is provided by law." (1 R. S., chap. 13, tit. 4, § 3, subd. 9.) The accounts of the superintendents, including compensation for their services, are to be audited by the board of supervisors, and those accounts may include expenses necessarily incurred. The expense, therefore, of the employment of counsel to conduct proceedings in bastardy, the direct object of which is to indemnify the county and protect it from loss, may be allowed to the superintendents as a necessary expense incurred by them. The attorney must look to them as his employers, and may enforce his claim against them by an action at law, founded upon their contracts and their corporate liability, and the amount so reasonably and necessarily paid or incurred is to be reimbursed to them by the audit of the super-

visors. Indeed, where, as in this case, the bastardy proceedings have been successful, and indemnity secured, the statute seems to imply that the expenses incurred may be charged upon the putative father and immediate reimbursement obtained. The justices are required to certify among other things " the reasonable costs of apprehending and securing the said father, and of the order of filiation." (2 R. S. [6th ed.] 900, § 13.) Such father, to secure release, must not only give the requisite bond, but " pay the costs and charges so certified." This provision was evidently intended to throw upon the father not merely the technical " costs " of the proceeding, but the whole reasonable expense of the same which would otherwise be borne by the county. It was meant to give just and complete indemnity for the expenses incurred, and in *Dunham* v. *Monell* (Sup. to Hill & Den. 377), the expenses of " conducting the proceedings " appear to have been included in the certificate. In the present case there was a compromise. The superintendents accepted a gross sum. That was more than sufficient to cover all the expenses, and with indemnity thus secured to the county there was left no excuse for repudiating the just demand of the attorney. Abundant provision is thus made for the payment of such expenses as were here incurred. The superintendents are to be reimbursed by the county and the latter may throw the burden upon the putative father when he is discovered and held. Under such circumstances a construction which makes the superintendents judges in their own case, supreme over their own contracts, ought not to prevail where there is possibility of doubt.

We are of opinion that the judgments of the General Term and County Court should be reversed and that of the justice's court affirmed, with costs, in all the courts.

All concur.

Judgment accordingly.