(68 App. Div. 388.)

## In re GORDEN et al.

(Supreme Court, Appellate Division, Second Department. January 30, 1902.)

ADMINISTRATORS AND EXECUTORS—ACCOUNTING—DOWER—SURROGATE— JURIS-
DICTION.

    The surrogate, on objection to the final settlement of the accounts of
executors, has jurisdiction to determine the question of the widow's
right to dower in addition to the benefit of provisions in the will in her
favor, in so far as such determination relates to the accounts of the
executors.

  Appeal from surrogate's court, Kings county.

  In the matter of the settlement of the accounts of Joseph Gorden
and others as executors and trustees of William Gorden, deceased.
Objections were filed to the account, and from a decree settling
the account an appeal is taken. Affirmed.

  Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

  Wm. P. Pickett, for appellant Joseph Gorden.

  Jas. A. Sheehan, for appellant Stephen M. Hoye, trustee.

  Frank P. Slade, for appellants Lillie Allan, Grace Hoare, and for
R. Lee Cuthbert, executor, etc.

  William G. Cooke, special guardian for Gorden infants.

  George P. Beebe, for Burt D. Harrington and another, trustees.

  George W. McKenzie, for respondent Susan Gorden, widow.

  GOODRICH, P. J. William Gorden died on January 21, 1899,
leaving a will dated December 30, 1898. He left him surviving a
widow, Susan Gorden, twelve children, and three grandchildren.
Four executors were named in the will, and in February, 1900,
they filed a petition praying for the settlement of their account.
Objections were made to several items of the account, and the sur-
rogate appointed Norman S. Dike, Esq., referee to examine the
account, to hear and determine all questions arising upon the settle-
ment thereof, which the surrogate had power to determine, and
to report thereon to the surrogate. The referee reported under
date of October 10, 1900, allowing certain items to which objec-
tions had been made, and disallowing others. The learned surro-
gate, in January, 1901, confirmed the report, and a decree was en-
tered thereon. In his opinion he expressed a doubt whether he
had jurisdiction to determine the widow's claim for dower in addi-
tion to the provisions of the will for her benefit, but held that she
was entitled to dower upon the authority of Closs v. Eldert, 30 App.
Div. 338, 51 N. Y. Supp. 881, and Konvalinka v. Schlegel, 104 N.
Y. 125, 9 N. E. 868, 58 Am. Rep. 494.

  It was essential to the adjustment of the executor's accounts that
the surrogate should consider and pass upon the question of dower,
and there can be no doubt of his power so far as it related to the
accounts. Having decided this question in favor of the widow's
right of dower, a clause was inserted in the decree ordering that,
as it appeared that the widow had brought an action in the supreme

court for an admeasurement of her dower in the testator's real estate, and for an accounting of the rents, issues, and profits, and that such rents, issues, and profits were included in the accounts of the executors, they should retain in their possession one-third of such rents, issues, and profits, amounting to $3,879.63, to await the determination of said action. From this decree several appeals were taken to this court.

While I have carefully examined all the questions raised on the appeals, and think they were properly decided, I do not deem it necessary to discuss any except that which relates to the widow's dower. The counsel for all the parties appearing before the referee stipulated that the questions relating to the widow's dower should be heard in the first instance before the surrogate. If such a consent were necessary to give the surrogate jurisdiction, it might be open to question whether counsel and guardians ad litem for infant parties could make such a stipulation; but, no such stipulation being necessary to enable the surrogate to retain his already acquired jurisdiction, we need not consider the question.

As to the question of dower, it is clear that, upon the authority of the cases cited by the learned surrogate (Closs v. Eldert, 30 App. Div. 338, 51 N. Y. Supp. 881, and Konvalinka v. Schlegel, 104 N. Y. 125, 9 N. E. 868, 58 Am. Rep. 494), the decree should be affirmed, with costs to the respondent, payable out of the estate. All concur.