### GORDEN v. GORDEN et al.

(Supreme Court, Appellate Division, Second Department. February 11, 1903.)

1. DOWER—DAMAGES FOR WITHHOLDING

    Under Code Civ. Proc. § 1600, providing that damages for the withholding of dower shall be computed, where the action is against the heirs, from the husband's death, but, where the action is against anyone else, from the time when the widow demanded her dower, the latter rule governs, though some defendants are heirs, where the action is against them as beneficiaries under a trust.

Appeals from special term, Kings county.

Action by Susan Gorden against Joseph Gorden and another, executors and trustees under the will of William Gorden, deceased, and others. The plaintiff appeals from so much of the judgment as awards to the plaintiff damages for the withholding of her dower computed from the 31st day of March, 1900, instead of from the 2d day of January, 1899. Defendant Joseph Gorden, as executor and trustee, appeals from so much of said final judgment as awards to himself and others, as trustees, the sum of $1,561, instead of $1,840.25. Stephen M. Hoye, as executor and trustee, appeals from so much of said judgment as determines that plaintiff was entitled to the provisions of the last will and testament of William Gorden, deceased, in addition to dower. Modified.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

George W. McKenzie, for plaintiff.
James O. Miller, for defendant Joseph Gorden.
James A. Sheehan, for defendant Stephen M. Hoye.

PER CURIAM. The decision of the court of appeals in the Matter of Gorden, 172 N. Y. 25, 64 N. E. 753, modifying 68 App. Div. 388, 74 N. Y. Supp. 259, to the effect that the widow of William Gorden, having begun this action for the admeasurement of her dower, is not entitled to the provisions made for her benefit by the will, in addition to dower, greatly simplifies the disposition of the questions arising upon the present appeals.

The plaintiff is dissatisfied with the judgment herein because it follows the interlocutory judgment in making the time for the computation of the damages sustained by the plaintiff for the withholding of her dower begin on March 31, 1900, the date of the commencement of this action, instead of January 2, 1899, the date of the death of the testator. This provision of the judgment, however, seems to be correct, under section 1600 of the Code of Civil Procedure, which prescribes that such damages shall be computed where the action is

against the heir from the husband's death, or where it is against any other person from the time when the widow demanded her dower. Although some of the defendants sued herein are children of the testator, they are not sued as such, but as beneficiaries under a trust; the legal title of the property being in their trustees. The judgment, so far as appealed from by the plaintiff, should therefore be affirmed.

As to the appeal of the defendant Joseph Gorden, as trustee, which is based substantially upon the proposition that the proof shows the executors and trustees to be entitled to $440.25 more than is awarded to them by the judgment, it seems also quite clear that said appellant is entitled to the increase thus sought, upon the admitted facts. It was expressly conceded upon the trial by counsel for the plaintiff that she had received property under the seventh and ninth paragraphs of the will which was of the actual value of $440.25. The judgment should therefore be modified by deducting this sum from the amount awarded therein as damages for the withholding of the widow's dower.

As to the appeals of the defendants Gorden and Hoye, as executors and trustees, from that portion of the judgment which decrees that the plaintiff is entitled to the benefit of the provisions of the will in addition to her dower, the judgment must be reversed, upon the authority of the decision of the court of appeals in the Matter of Gorden, supra.

The judgment must be modified in accordance with this opinion.

Judgment modified; the question of the costs to be inserted in the order to be settled, on notice, before BARTLETT, J.