SUSAN GORDEN, Appellant and Respondent, v. JOSEPH GORDEN and STEPHEN M. HOYE, as Executors and Trustees, etc., of WILLIAM GORDEN, Deceased, Respondents and Appellants, Impleaded with Others.

*Action for dower — where the action is against trustees and beneficiaries under her husband's will, the widow is entitled to interest from the date of her demand for dower.*

Under section 1600 of the Code of Civil Procedure, which prescribes that in an action for dower the damages awarded for the withholding of such dower shall be computed from the time of the husband's death when the action is against the heir and from the time when the widow demanded her dower when the action is brought against any other person, where a widow brings an action to recover dower in lands which were devised by her husband to his executors in trust, the damages for withholding such dower should be computed from the time when the widow demanded her dower, although some of the defendants in the action are children of the testator, it appearing that they are not sued as children but as beneficiaries under the trust.

CROSS-APPEALS by the plaintiff, Susan Gorden, and by the defendants, Joseph Gorden and Stephen M. Hoye, as executors and trustees, etc., of William Gorden, deceased, from various portions of a final judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 7th day of March, 1902, upon the report of a referee directing the distribution of the proceeds of sale of real property in an action for dower, with notice of an intention to bring up for review portions of an interlocutory judgment entered in said clerk's office on the 19th day of January, 1901. The plaintiff also brings up for review an order entered on the 14th day of February, 1902, in so far as the same directs the referee appointed thereby to ascertain the amount of damages only from March 31, 1900.

*George W. McKenzie,* for the plaintiff.

*James O. Miller,* for the defendant Joseph Gorden.

*James A. Sheehan,* for the defendant Stephen M. Hoye.

PER CURIAM :

The decision of the Court of Appeals in *Matter of Gorden* (172 N. Y. 25, modifying 68 App. Div. 388), to the effect that the widow of William Gorden, having begun this action for the admeasurement of her dower, is not entitled to the provisions made for her benefit by the will, in addition to dower, greatly simplifies the disposition of the questions arising upon the present appeals.

The plaintiff is dissatisfied with the judgment herein because it follows the interlocutory judgment in making the time for the computation of the damages sustained by the plaintiff for the withholding of her dower begin on March 31, 1900, the date of the commencement of this action, instead of January 2, 1899, the date of the death of the testator. This provision of the judgment, however, seems to be correct under section 1600 of the Code of Civil Procedure, which prescribes that such damages shall be computed where the action is against the heir from the husband's death or where it is against any other person from the time when the widow demanded her dower. Although some of the defendants sued herein are children of the testator, they are not sued as such, but as beneficiaries under a trust, the legal title of the property being in their trustees. The judgment, so far as appealed from by the plaintiff, should, therefore, be affirmed.

As to the appeal of the defendant Joseph Gorden, as trustee, which is based substantially upon the proposition that the proof shows the executors and trustees to be entitled to $440.25 more than is awarded to them by the judgment, it seems also quite clear that said appellant is entitled to the increase thus sought, upon the admitted facts. It was expressly conceded upon the trial by counsel for the plaintiff that she had received property under the 7th and 9th paragraphs of the will, which was of the actual value of $440.25. The judgment should, therefore, be modified by deducting this sum from the amount awarded therein as damages for the withholding of the widow's dower.

As to the appeals of the defendants Gorden and Hoye, as executors and trustees, from that portion of the judgment which decrees that the plaintiff is entitled to the benefit of the provisions of the will in addition to her dower, the judgment must be reversed,

upon the authority of the decision of the Court of Appeals in *Matter of Gorden (supra).*

The judgment must be modified in accordance with this opinion.

Present — GOODRICH, P. J., BARTLETT, WOODWARD, HIRSCHBERG and JENKS, JJ.

Judgment modified in accordance with opinion per curiam. The question of the costs to be inserted in the order to be settled on notice before Mr. Justice BARTLETT.