(163 App. Div. 344)

ROESSLE v. ROESSLE et al.   (No. 6002.)

(Supreme Court, Appellate Division, First Department.   July 10, 1914.)

1. DOWER (§ 2*)—ELECTION—RIGHTS OF SURVIVING WIFE—WHAT LAW GOVERNS.

Under Decedent's Estate Law (Consol. Laws, c. 13) § 47, providing that the validity and effect of a testamentary disposition of real property within the state, or of any interest therein which would descend to the heir of an intestate, and its descent where not disposed of by will, are regulated by the laws of the state, without regard to the residence of the decedent, the right of the widow of a testator, dying domiciled in Washington, D. C., to dower in lands of which he died seised in New York is governed by the laws of this state, notwithstanding Code of Law, D. C. 1901, §§ 1172, 1173, providing that every devise of land or personal property to the wife of testator shall be construed to be intended in bar of her dower unless otherwise expressed in the will, and that a widow shall be barred of her dower unless within six months after administration she file in the probate court a written renunciation.

[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 4, 5; Dec. Dig. § 2.*]

2. DOWER § 79*)—ACTION FOR ADMEASUREMENT—BURDEN OF PROOF.

The dowress is a favorite of the law, and, in an action for the admeasurement of dower, the burden is upon the defendant to establish beyond question both the facts and the law necessary to deprive plaintiff of her dower.

[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 294–306; Dec. Dig. § 79.*]

3. WILLS (§ 782*)—FEE SIMPLE—DEVISE IN LIEU OF DOWER—ELECTION.

Testator gave to his wife absolutely all the furniture, silverware, and effects in certain rooms in a house in Washington, and also that in a storage company in New York City, and also his horses, carriages, etc., in stables in Washington, and gave the residue of his estate of every kind and description, wherever situated, to his wife, a son, and a daughter, absolutely and in fee simple, share and share alike, and appointed his wife and his son-in-law executors. Real Property Law (Consol. Laws, c. 50) § 200, provides that, if real property is devised to a woman or a pecuniary or other provision is made for her by will in lieu of dower, she must make her election whether to take such provision or her dower right. *Held* that, as to real estate situated in the city of New York, the provision was not so clearly incompatible with the reservation of her dower right as to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

show that it was intended in lieu of dower, and that the doubt should be resolved in favor of her dower right, and hence that she was not required to elect.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2018–2033; Dec. Dig. § 782.*]

4. WILLS (§ 790*)—ELECTION—ESTOPPEL.

Under Real Property Law (Consol. Laws, c. 50) § 201, providing that, where a woman is entitled to an election between her dower right and a provision by will in lieu of dower, she is deemed to have elected the provision unless within one year after the death of her husband she enters on the lands assigned her for dower or commences an action for dower, a widow whose husband died August 10, 1904, but who knew nothing of her dower rights under the laws of this state until within a short time before her action for the admeasurement of dower commenced in March, 1911 was not estopped from the action, since she could not waive a right of which she had no knowledge.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2043–2048; Dec. Dig. § 790.*]

5. DOWER (§ 105*)—DAMAGES FOR DETENTION—RENTS.

Under Code Civ. Proc. § 1600, entitling a widow to damages for withholding her dower, the amount to be computed, in an action against the heirs, from the husband's death, or in an action against any other person from the time when she demanded dower of the defendant, defendants sued as devisees were "other persons," so that plaintiff could only recover mesne damages from the date of her demand.

[Ed. Note.—For other cases, see Dower, Cent. Dig. § 189; Dec. Dig. § 105.*]

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action for dower by Nellie Taylor Roessle against Elwood O. Roessle and another. From a judgment entered upon a decision of the Special Term (81 Misc. Rep. 558, 142 N. Y. Supp. 984), dismissing the complaint upon the merits, plaintiff appeals. Reversed, and judgment entered for plaintiff.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, DOWLING, and HOTCHKISS, JJ.

Evarts, Choate & Sherman, of New York City (Joseph H. Choate, Jr., of New York City, of counsel, and Joseph H. Choate, of New York City, on the brief), for appellant.

Hun & Parker, of Albany (Marcus T. Hun, of Albany, of counsel), for respondent McKinney.

Wilder, Ewen & Patterson, of New York City (John Ewen, of New York City, of counsel), for respondent Elwood Obsorn Roessle.

CLARKE, J. The action was brought to admeasure the plaintiff's dower in certain real estate in New York City of which her husband, Theophilus E. Roessle, died seised. The testator died on August 10, 1904. At the time of his death, and for 25 years prior thereto, he was a resident of and domiciled in the city of Washington, D. C. He left surviving a widow, the plaintiff, and two children by a former marriage, the defendants herein.

On May 18, 1904, he executed a will which had been drawn by a Washington attorney. This will gave to his wife absolutely all the

furniture, bric-a-brac, pictures, carpets, silverware, glassware, and other furniture and effects in certain specified rooms in the Sumner House, Washington, and also in the Manhattan Storage Company of New York City, and "all my horses, carriages, harness, robes, etc., now in McAuley's stables in the city of Washington absolutely." He gave certain bequests to his sister and his mother-in-law. He made provision in case of his death before the expiration of his lease of the Arlington Hotel as to what should be done. And then followed the sixth clause:

"All the rest, residue and remainder of my estate of every kind and description, real, personal and mixed, wheresoever and howsoever situated, now owned or that may hereafter be acquired by me, I give, devise and bequeath unto my wife, Nellie Taylor Roessle, my son, Elwood Osborn Roessle, and my daughter, Marion Louise McKinney, absolutely and in fee simple, share and share alike."

He appointed his wife and his son-in-law executors. This will was on September 9, 1904, duly admitted to probate in the District of Columbia, and a copy thereof was on December 13, 1904, duly recorded in the office of the surrogate of New York. He left real estate in Washington, in Albany, N. Y., in New York City and in New Jersey. Up to a short time before the commencement of this action, in which the summons is dated March 27, 1911, the parties hereto had proceeded upon the theory that the will disposed of all the residue equally to the three, share and share alike. The real estate in Albany and in New Jersey was sold, and the proceeds distributed upon that theory, and all the property was managed and all things done, money received and accounted for, and receipts exchanged, upon that theory. There is no contention but that under the law of the District of Columbia where decedent resided at the time of his death, and the making of his will, the terms of this will barred dower. Section 1172 of the Code of Laws of the District of Columbia provides:

"Devise in Lieu of Dower.—Every devise of land or of any estate therein, or bequest of personal estate to the wife of the testator, shall be construed to be intended in bar of her dower in lands or share of the personal estate, respectively, unless it be otherwise expressed in the will."

Section 1173 provides that:

A widow shall be barred of her right of dower in the land or share in the personal estate by any such devise or bequest, unless within six months after administration may be granted on her husband's estate she shall file in the probate court a written renunciation."

The Special Term has found that the plaintiff has failed to file any renunciation or quitclaim to the bequests and devises and that more than six months have elapsed since administration was granted; that she acted as one of the executors, received the legacies given to her in the first and second clauses of the will, joined in an account with her coexecutor, which said account showed a balance in testator's personal estate, after paying all debts and other liabilities and legacies of $261,914.72, and thereupon received one-third of such personal estate, to wit, the sum of $87,304.90; that the real estate in Washington was sold by the parties to this action and plaintiff joined in deeds there-

to; that said sale realized $138,000, and plaintiff received her one-third share thereof, to wit, $46,000; that plaintiff also joined in deeds of the real estate in Albany, N. Y., and in the state of New Jersey, and received as her share of the purchase price one-third of $10,000, realized from the Albany property, to wit, $3,333, and one-third of $971.05 of the New Jersey property, to wit, $323.65; that the transfer tax on the real estate in the state of New York was duly fixed in a proceeding of which the plaintiff had notice; that the interest of each of the parties was fixed at one-third of the value thereof and said tax was paid by each of them; and that no claim was made by the plaintiff for an exemption of any dower interest which she might have in said real estate. The court further found as conclusions of law: That testator intended that the provisions contained in his will in favor of the plaintiff, his widow, should be in lieu of dower. That by clear and manifest implications from the will, independently of considerations outside it, the plaintiff's claim for dower is repugnant to its dispositions. That the plaintiff has elected to take the provisions made for her in the will in lieu of dower in the lands described in the complaint. That the defendants are entitled to judgment dismissing the complaint upon the merits. From the judgment entered thereon, plaintiff appeals.

[1] Although the testator resided in Washington, and his will was there executed and probated, in so far as it affects real property situate in the state of New York the law of this state controls. Section 47 of the Decedent's Estate Law of this state, formerly section 2694 of the Code of Civil Procedure, provides:

Validity and Effect of Testamentary Dispositions.—The validity and effect of a testamentary disposition of real property, situated within the state, or of an interest in real property so situated, which would descend to the heir of an intestate, and the manner in which such property or such an interest descends, where it is not disposed of by will, are regulated by the laws of the state, without regard to the residence of the decedent."

In Redfield on Wills (2d Ed.) at page 397, it is said:

"It is scarcely necessary to state that in regard to real property the mode of execution, the construction, and the validity of a will must be governed exclusively by the lex rei sitæ. The descent of real estate, as well as the devise of it, are governed exclusively by the law of the place where the property is situated. It would not comport with the dignity, the independence, or the security of any independent state or nation, that these incidents should be liable to be affected, in any manner, by the legislation, or the decisions of the courts, of any state or nation besides itself. This has been a universally recognized rule of the English law from the earliest time, and is so unquestionable, that we should scarcely feel justified in occupying much space in reviewing the cases."

In White v. Howard, 46 N. Y. 144, the testator was a resident of Connecticut and died seised of real estate situate in that state and in New York. Grover, J., said:

"In addition to his personal property and real estate situated in Connecticut, the testator, at the time of his decease, was seised of real estate situated in the city of New York, of great value. The validity of the devise of the latter property, and all questions relating to the title, must be determined by the laws and courts of New York, irrespective of the domicile of the testator

Hosford v. Nichols, 1 Paige, 220; Story's Conflict of Laws, 8, 424, 428, 445; 4 Kent's Com. 513.   *   *   *"

In 14 Cyc. 888, it is said:

"The widow's right to dower, in her husband's lands, the time and manner of assigning same, and the causes by which it may be defeated, are all determined by the law of the place where the property subject to dower is located."

In Monypeny v. Monypeny, 202 N. Y. 90, 95 N. E. 1, Cullen, C. J., said:

"There can be no question that, though the will was made in Ohio, its interpretation and effect, so far as it relates to the real property within this state, is to be determined by the courts of this state, and that their decision is conclusive."

Conversely, in Davis v. Tremain, 205 N. Y. 236, 98 N. E. 383, in an action for the construction of a will where the real estate was situated in New Jersey, the court refused to entertain the suit; Cullen, C. J., saying:

"As the real estate in controversy was not within this state, the suit was unauthorized under the Code provision. Nevertheless, as the plaintiff saw fit to institute the action, and the defendant did not challenge her right to litigate the question in this action—the plaintiff having been beaten—we should not be inclined to hear her now complain that the court should not have entertained the suit were it not for the fact that a judgment rendered by our courts as to the title of real estate without the state is a mere nullity. Story's Conflict of Laws, §§ 551 to 555; Fall v. Eastin, 215 U. S. 1 [30 Sup. Ct. 3, 54 L. Ed. 65, 23 L. R. A. (N. S.) 924, 17 Ann. Cas. 853]. Even if no party objects, we should not assume to render a judgment which we have no jurisdiction to render."

So in Keyes & Marshall Bros. Realty Company v. Trustees of the Canton Christian College, affirmed on the opinion below, 205 N. Y. 593, 98 N. E. 1105, this court decided it had no jurisdiction upon an action on a covenant running with lands situated in Missouri.

In Van Blaricum v. Larson, 146 App. Div. 278, 130 N. Y. Supp. 925, affirmed 205 N. Y. 355, 98 N. E. 488, 41 L. R. A. (N. S.) 219, Ann. Cas. 1913E, 553, an action for dower, the question was whether by obtaining a divorce in the state of Indiana against her husband the plaintiff lost her right to claim dower on his real property situate in this state. The court held that she did not, saying:

"It is unnecessary to discuss the origin and development of dower. It was recognized in England at least as early as the thirteenth century, in the provisions of Magna Charta, and here by the colonial law as well as the statutes of the state. Since the enactment of the Revised Statutes the declared law has been that 'a widow shall be endowed of the third part of all the lands whereof her husband was seised of an estate of inheritance, at any time during the marriage.' * * * Nor is it necessary to refer to laws * * * of other states relating to dower as it exists at the present time. The question must be determined by the laws of this state, as the real property is situated here."

[2] It follows that the question whether the appellant is entitled to dower in the lands of which the testator died seised, situate in this state is to be determined by the law of this state, affected in no degree

by the law of the District of Columbia. The burden was upon the defendants to establish beyond question both the facts and the law necessary to deprive the plaintiff of her dower.

The dowress is the "favorite of the law." Matthews v. Duryee, *43 N. Y. 525. The circumstances under which the right to dower can be defeated by a bequest or devise made in lieu of dower and accepted by the widow are determined by statute.

Section 200 of the Real Property Law (chapter 50, Consol. Laws; chapter 52, Laws 1909) provides:

"If real property is devised to a woman, or a pecuniary or other provision is made for her by will in lieu of her dower, she must make her election whether she will take the property so devised, or the provision so made, or be endowed of the lands of her husband; but she is not entitled to both."

Section 201:

"Where a woman is entitled to an election, as prescribed in either of the last two sections, she is deemed to have elected to take the jointure, devise or pecuniary provision, unless within one year after the death of her husband she enters upon the lands assigned to her for her dower, or commences an action for her dower."

There is no clause in the will at bar providing that the provisions for the widow are "in lieu of dower." It is argued that the court is compelled to construe the intention of testator to be such, because he devised the residue of his estate to his wife and two children "absolutely and in fee simple, share and share alike," which provision is so inconsistent and incompatible with the preservation of her estate in dower as to demonstrate that it was not his intention that she should have both devise and dower.

In Matter of Frazer, 92 N. Y. 239, the will after giving various legacies provided:

"All the rest and residue of my estate, both real and personal, I give, devise and bequeath to my beloved wife, Frances C. Wells, Henry M. McDonald and Willard Wells McDonald, to be equally divided between them; I do hereby authorize and direct my executors, hereinafter named, to sell the property in the village of Caledonia, and the farm north of said village, on such terms as they may think best. The McDonald farm is not to be sold, and my brother, Horace Wells, is to have his support out of my said property for and during the term of his natural life, and I hereby direct my executors, hereinafter named, to reserve in their hands sufficient thereof for that purpose, and to apply the same for said purpose. * * * I also give, devise and bequeath to Mrs. Carr, wife of William Carr, of Caledonia, the house and lot where she now resides, and direct my executors to deed the same to her. I likewise give, devise and bequeath to my wife, Frances C. Wells, all of the household property now in my dwelling house, in the village of Caledonia, and the use of said dwelling house for and during the term of her natural life, and direct that said dwelling house shall not be sold during her said life."

Testator owned at the time of his death two farms, one known as the McDonald farm, and several lots in the village of Caledonia, on one of which was the "dwelling house" specified in the will. Under the power contained in the will the executors sold and conveyed two of the village lots of which the testator died seised. The widow joined in this deed, and out of the avails the executors paid her as and for her dower then the sum of $300.95. This appeal was from an order

affirming the decree of the final accounting of the executors, and numerous other matters were passed upon. Finch, J., said:

"Finally, it is objected that the widow was not entitled to dower because the provisions for her benefit under the will were accepted by her, and dower was excluded by the manifest intention of the testator derived from the scope and tenor of the will. No trust estate was vested in the executors. They had simply a power of sale, with no right to rent or lease, and no control over the rents and profits. No duty relating to the real estate was imposed upon them except to sell and convey. Dower therefore was not excluded by the creation of a trust estate inconsistent with it, vested in the executors. * * * The provision giving the rest, residue and remainder of his property to the widow, and the McDonalds is not inconsistent with dower, for it relates to the division of his estate, and does not purport to dispose of hers. The two may stand together. The intention manifested in the will was not an equal division of all his property among the three, as in Chalmers v. Storil, 2 Ves. & Bea. 222, a case shaken by subsequent criticism. Gibson v. Gibson, 17 Eng. L. & Eq. 349. But the equal division aimed at is of a residue which may well be deemed the remainder of the property subject to the dower right. Havens v. Havens, 1 Sandf. Ch. 324; Mills v. Mills, 28 Barb. 456. The repugnancy therefore which drives the widow to an election must come, if at all, from the provision for the support of testator's brother, those directing a sale, and that devising a house and lot to Mrs. Carr. It is conceded that the support of the brother was simply charged upon the McDonald farm, which was not to be sold. The existence of such a charge does not necessarily exclude the widow's dower in the same land, especially since the executors are also directed to reserve in their hands sufficient of testator's property for the purpose of that support. The devise to Mrs. Carr, and the direction to sell and convey a part of the real estate do not necessarily conflict with the right of dower in the present case. Jackson v. Churchill, 7 Cow. 287 [17 Am. Dec. 514]; Havens v. Havens, supra; Fuller v. Yates, 8 Paige, 325. Directions for a sale may be so expressed and the purpose to be answered of such peculiar character as to indicate an intention to exclude dower. Vernon v. Vernon, 53 N. Y. 362. But no unusual or peculiar state of facts exists in the present case to compel an inference that the property directed to be conveyed was to pass free and discharged from the widow's dower. There is enough in the will to produce hesitation and reflection, but not enough to establish that clear repugnancy, that manifest intention which is alone sufficient, in the absence of express words, to drive the widow to her election."

In Konvalinka v. Schlegel, 104 N. Y. 125, 9 N. E. 868, 58 Am. Rep. 494, the will after directing the payment of debts and funeral expenses, and after giving to the testator's wife certain furniture, provided:

"All the rest, residue and remainder of my estate property and effects of every nature, kind and description, I give, devise and bequeath to my executors and executrix hereinafter named, and I authorize and direct them to sell and dispose of the same at such time and on such terms as to them shall seem best, and to divide the proceeds thereof equally among my wife and children, share and share alike."

In holding that the widow was entitled to both dower and the provision made by the will, Andrews, J., said:

"There can be no controversy as to the general principles governing the question of election between dower and a provision for the widow in the will. Dower is favored. It is never excluded by a provision for a wife, except by express words or by necessary implication. Where there are no express words, there must be upon the face of the will a demonstration of the intention of the testator that the widow shall not take both dower and the provision. The will furnishes this demonstration only when it clearly appears, without ambiguity or doubt, that to permit the widow to claim both dower

and the provision would interfere with the other dispositions and disturb the scheme of the testator, as manifested by his will. The intention of the testator to put the widow to an election cannot be inferred from the extent of the provision, or because she is a devisee under the will for life or in fee, or because it may seem to the court that to permit the widow to claim both the provision and dower would be unjust as a family arrangement, or even because it may be inferred or believed, in view of all the circumstances, that if the attention of the testator had been drawn to the subject he would have expressly excluded dower. We repeat, the only sufficient and adequate demonstration which, in the absence of express words, will put the widow to her election, is a clear incompatibility, arising on the face of the will, between a claim of dower and a claim to the benefit given by the will. We cite a few of the cases in this state showing the general principle and the wide range of application. (Citing cases.)

"In view of these settled rules, we think the widow in this case was not put to her election. The devise to the executors was void as a trust, but valid as a power in trust, for the sale of the lands and a division of the proceeds, and the lands descended to the heirs of the testator, subject to the execution of the power. 1 R. S. 729, § 56; Cooke v. Platt, 98 N. Y. 35. It is strenuously urged that the power of sale being peremptory worked an equitable conversion of the lands into personalty, as of the time of the testator's death, and created a trust in the executors in the proceeds for the purpose of distribution, which trust, it is alleged, is inconsistent with a claim of dower. * * * It seems to be supposed that there is a necessary repugnancy between the existence of a trust in real property created by a will, and an outstanding dower interest of a widow in the trust property. We perceive no foundation for this contention. If the purposes of a trust, as declared, require that the entire title, free from the dower interest of the widow, should be vested in the trustees in order to effectuate the purposes of the testator in creating it, a clear case for an election is presented. Vernon v. Vernon, 53 N. Y. 351. But the mere creation of a trust for the sale of real property and its distribution is not inconsistent with the existence of a dower interest in the same property. There is no legal difficulty in the trustee's executing the power of sale, but the sale will necessarily be subject to the widow's right of dower, as it would be subject to any outstanding interest in a third person, paramount to that of the trustee. * * * The general doctrine is very clearly stated by the Vice Chancellor in Ellis v. Lewis, 3 Hare, 310: 'I take the law to be clearly settled at this day, that a devise of lands eo nomine upon trusts for sale, or a devise of lands eo nomine to a devisee beneficially, does not per se express an intention to devise the lands, otherwise than subject to its legal incidents, dower included.' * * * The argument that the testator intended equality of division between his wife and children is also answered by the same consideration. The proceeds of the testator's estate were, by the will, to be equally distributed. It left untouched the dower of the widow, which he could not sell or authorize to be sold, and which was a legal right not derived from him and paramount to all others. It may be conjectured, perhaps reasonably inferred, that the testator really intended the provision for his wife to be exclusive of any other interest, but so it is not written in the will, and we are not permitted to yield any force to the suggestion. It is a question of legal interpretation which has been settled."

In Closs v. Eldert, 30 App. Div. 338, 51 N. Y. Supp. 881, the will provided as follows:

"(7) I hereby give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, equally to my said son, Luke Eldert, and my said daughter, Emma Closs, and my said wife, Julia Eldert, share and share alike.

"(8) I hereby declare that it is my intention and I hereby will that all the said several devisees shall respectively hold the said premises so devised to them, respectively, with all the hereditaments and appurtenances to them belonging, to themselves, respectively, and to their respective heirs and assigns forever, absolutely."

It will be observed that the language is equivalent to that in the will at bar. The wife and the two children were to share and share alike, and the property was to be held by them respectively and their respective heirs and assigns forever, absolutely. In the will at bar the wife and the two children were to take absolutely and in fee simple, share and share alike.

The Appellate Division, Second Department, said the case presented a single question, whether the testator intended by his will that the widow should take the devise made to her by the will in lieu of dower, or in addition thereto.

"The will contains no clause or words that any devise made to the widow is to be in lieu of dower. The well-settled rule of construction, therefore, requires that the devise is not to be so regarded unless there is a clear and manifest implication to be found in the terms of the will, which, when considered as a whole, are found to be inconsistent with its disposing clauses or are so repugnant thereto that if not applied the instrument will be defeated in its execution. Kimbel v. Kimbel, 14 App. Div. 570, 43 N. Y. Supp. 900.

"The testator has no authority over the dower right of his wife, and, as such right is favored in law, it will be upheld unless the widow is compelled by express words to make her election, as required by the statute, or the will may not be executed in its integrity without importing the implication into it. It is well settled that the pecuniary provision made by the testator for the wife is not the criterion. If there be no expressed intention or necessary implication, arising from other disposing clauses of the will, the pecuniary provision is not to be considered even though, in the opinion of the court, it be too great. Fuller v. Yates, 8 Paige, 325. * * * We see no reason why the doctrine announced in the Kimbel Case and in Konvalinka v. Schlegel, 104 N. Y. 125, 9 N. E. 868, 58 Am. Rep. 494, should not be applied to this case. So applied they are conclusive of it."

In Glaser v. Glaser, 67 App. Div. 132, 74 N. Y. Supp. 395, the will gave one-third of the proceeds of the sale of a particular building in the city of New York, to his wife; the other two-thirds being given in trust for the benefit of the testator's son. The will was silent as to whether or not the gift to the wife was in lieu of dower, and this court held unanimously that it was not, but that she was entitled to both.

Horstmann v. Flege, 172 N. Y. 381, 65 N. E. 202, was an action for the admeasurement of dower. The testator by his will divided his real estate among his children charging upon the portion devised to each, with one exception, an annuity amounting in the aggregate to $500 per year, which he required the devisee to pay to his widow annually during her life. No other provision was made for the widow, and the will did not in terms state that the annuities provided for were to be in lieu of dower. The provision to the children was as follows:

"I give, devise and bequeath to my son, (naming him) my four houses situate on the west side of Centerville avenue. * * * Subject to the payment to my wife, Elizabeth, of the sum of $100 per year, payable quarterly, beginning from the date of my death, which payments or annuities are hereby charged upon said devisee and upon said property. To have and to hold unto him, his heirs and assigns forever, subject to said annuity."

Haight, J., said:

"It will be observed that the payment of annuity is charged upon the devisee and upon the property, and it is not payable out of the income, so that the son in accepting the devise and entering into the possession of the property became charged with the payment of the annuity, independent of the income or

rents therefrom. Dower is favored in the law, and the widow is entitled to have the same admeasured, unless the testamentary provision made in her behalf expressly states that the same is to be in lieu of dower, or the intention of the testator to that effect is clearly implied from the provision of the will. If in the provision of the will it is expressly stated to be in lieu of dower, or such intention is clearly implied, the widow is put to her election. But if there is reasonable doubt with reference to the intention of the testator, the widow takes both dower and the provision made for her in the will."

After alluding to and distinguishing the Gorden Case, 172 N. Y. 25, 64 N. E. 753, 92 Am. St. Rep. 689, the court proceeds:

"In the case now under consideration the devise is quite different. No trust is created and no duty is cast upon others with reference to the collecting of the rents and profits. The different parcels of real estate are separately described and devised to some particular child specifically named, but subject to the payment of an annuity which is charged upon the devisee and upon the property. The question therefore now arises as to whether the charge of an annuity upon real estate is inconsistent with the claim for dower."

After a review of the authorities to the effect that the mere gift of an annuity by the testator to his widow, although charged upon all his property, is not sufficient to put her to an election between that and dower, even although the will contains the gift of the whole of the testator's estate to another person, the court proceeded:

"The general doctrine has been repeated in a number of cases reported in this court. Notably, that of Konvalinka v. Schlegel, 104 N. Y. 125 [9 N. E. 868, 58 Am. Rep. 494]. The rule laid down by Story was followed recently by the Appellate Division in the case of Closs v. Eldert, 30 App. Div. 338 [51 N. Y. Supp. 881]. * * * The charging of an annuity in the widow's favor must be treated as an additional claim to that of dower."

[3-5] Upon these authorities I reach the conclusion that so far as the real estate located in this state is concerned the law is settled; that the provision of the will for the wife must be so clearly incompatible with the preservation of her dower right as to compel the conclusion that that was what the testator intended; that, where there is any room for doubt, it must be resolved in favor of the dower right. I am unable to distinguish the cases cited. The respondents attempt to, but have not succeeded. The cases they cite have been carefully examined, many have been expressly distinguished, and none of them convince me that the weight of reason and authority is not in favor of the appellant. There is no force in the claim of an estoppel or waiver because it is conceded, and the court found that appellant knew nothing of her rights under the New York law until a short time prior to the commencement of this action. She could not waive a right she had no knowledge of. I do not think she is entitled to a recovery for the mesne profits heretofore disposed of. Under section 1600 of the Code of Civil Procedure, a widow is entitled to damages for withholding her dower, the amount to be computed, where the action is against the heir, from her husband's death, or, where it is against any other person, from the time when she demanded her dower of the defendant. In Gorden v. Gorden, 80 App. Div. 258, 80 N. Y. Supp. 241, affirmed on the opinion below, 179 N. Y. 549, 71 N. E. 1131, it was held that although some of the defendants in the action were children of

the testator, it appearing that they were not sued as children but as beneficiaries under the trust, the damages should be computed from the time of the demand.

In this case the defendants are not sued as heirs, but as devisees, and it seems to me therefore that they are "other persons" within the meaning of the statute, and that she may only recover mesne damages from the time of her demand. The twenty-second finding of fact and the first, second, third, and fifth conclusions of law should be reversed, and a decision in conformity with this opinion should be substituted for that in the record to be settled upon notice.

The judgment dismissing the complaint should be reversed, with costs in all courts to the appellant, and a judgment entered granting the relief prayed.

INGRAHAM, P. J., and DOWLING and HOTCHKISS, JJ., concur. LAUGHLIN, J., dissents.